IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

CASE NO.: 15-12032

_____

UNITED STATES OF AMERICA,

Plaintiff/Appellee,

v.

JONATHAN TYLER PRIVE,

Defendant/Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

_____

BRIEF OF APPELLANT

PURSUANT TO *ANDERS v. CALIFORNIA*, 386 U.S. 738 (1967)

_____

DANIEL N. BRODERSEN, ESQ.
533 N. MAGNOLIA AVENUE
ORLANDO, FLORIDA 32801
TELEPHONE: (407) 649-0007
FACSIMILE: (407) 649-0017
EMAIL:     brodersend@gmail.com
CJA COUNSEL FOR APPELLANT

No.:15-12032

*United States of America v. Jonathan Tyler Prive*

**CERTIFICATE OF INTERESTED PERSONS:**

1.    Antoon, II, The Honorable John, Senior United States District Judge;

2.    Bentley, III, A. Lee, United States Attorney;

3.    Brodersen, Daniel;

4.    Prive, Jonathan Tyler;

5.    Rodriguez, Jose;

6.    Searle, Andrew, Assistant United States Attorney; and

7.    Linda Julin McNamara, Assistant United States Attorney.

C-1

## STATEMENT REGARDING ORAL ARGUMENT

Counsel files this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and has filed a motion to withdraw contemporaneously herewith. Counsel therefore does not request oral argument and takes no position with respect to whether oral argument is appropriate in this case.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS…………………C-1

STATEMENT REGARDING ORAL ARGUMENT…………….i

TABLE OF CONTENTS……………………………………….ii

TABLE OF AUTHORITIES…………………………………...iii

STATEMENT OF JURISDICTION……………………………iv

STATEMENT OF THE ISSUE…………………………………1

STATEMENT OF THE CASE…………………………………2

      Course of Proceedings and Disposition Below………2

      Statement of Facts……………………………………4

      Standard of Review……………………………...5

SUMMARY OF THE ARGUMENT……………………………6

ARGUMENT AND CITATIONS OF AUTHORITY…………..7

CONCLUSION…………………………………………………11

CERTIFICATE OF SERVICE…………………………………12

# TABLE OF AUTHORITIES

**Cases** **Page No.**

*Anders v. California*, 386 U.S. 738 (1967)…………………………………….6, 11

*Penson v. Ohio,* 488 U.S. 75, 80 (1988)…………………………………..6

*United States v. Blackwell*, 767 F.2d 1486, 1487-88 (11th Cir. 1985)…….6

*United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009)…………..7

*United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988)…………….5, 7, 10

*United States v. Gholston,* 932 F.2d 904 (11th Cir. 1991)…………………6

*United States v. Hernandez-Fraire*, 208 F.3d 945, 950 (11th Cir. 2000)…...9

*United States v. Medlock,* 12 F.3d 185, 187 (11th Cir. 1994)……………5, 7

*United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988)…………….7, 9

*United States v. Schmidt*, 373 F.3d 100, 102 (2nd Cir. 2004).........................8

*United States v. Schubert,* 728 F.2d 1364, 1365 (11th Cir. 1984)…………8

*United States v. Trussel*, 961 F.2d 685, 689 (7th Cir. 1992)………………..9

**Statutes**

18 U.S.C. § 2422(b)……………………………………………………….2

18 U.S.C. § 3742(a)……………………………………………………..iv

28 U.S.C. § 1291………………………………………………………..iv

## STATEMENT OF JURISDICTION

The jurisdiction of this Court may be invoked pursuant 28 U.S.C. § 1291 as an appeal from a final judgment entered by the United States District Court for the Middle District of Florida. Furthermore, jurisdiction to review the sentence imposed in this case may be invoked pursuant to 18 U.S.C. § 3742(a) as an appeal of a sentence imposed under the Sentencing Reform Act of 1984.

## STATEMENT OF THE ISSUE

Whether the Appellant's guilty plea was knowing and voluntary and complied with the dictates of Rule 11, Fed.R.Crim.P.

## STATEMENT OF THE CASE

### A.    Proceedings Below:

On February 19, 2014, Appellant was charged in a two count indictment with enticement of a minor to engage in sexual activity and attempted enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Docket ("Doc.") 1. On August 26, 2014, the Appellant and the United States entered in to a written Plea Agreement that was filed with the district court on the same date. Doc. 27. On August 27, 2014, the Appellant appeared before United States Magistrate Judge Karla R. Spalding upon his consent and entered a guilty plea to Count Two of the indictment charging him withattempted enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Docs. 28, 37.

Following the change of plea hearing on August 27, 2014, the magistrate judge entered a Report and Recommendation that Appellant's guilty plea be accepted and that he be adjudicated guilty of Count Two of the indictment by the district judge. Doc. 31. Also on August 27, 2014, the Appellant filed a Notice of No Objection to the Report and Recommendation. Doc. 33. Accordingly, on August 29, 2014, Senior United States District Judge John Antoon, II accepted the Appellant's guilty plea and adjudicated him guilty of Count Two of the indictment. Doc. 36.

On October 29, 2014, the Appellant's court-appointed counsel filed a Motion to Withdraw as Attorney. Doc. 41. On November 3, 2014, following an ex parte hearing, the magistrate judge granted the Motion to Withdraw as Attorney and new counsel was appointed by the court to represent the Appellant. Doc. 44. On November 7, 2014, the initial Presentence Investigation Report was filed by the United States Probation Office. Doc. 45. On December 5, 2014, the final Presentence Investigation Report was filedby the United States Probation Office. Doc. 46 On December 9, 2014, the Appellant filed his Verified Motion to Withdraw Plea of Guilty. Doc. 48 On December 23, 2015, the magistrate judge entered her Report and Recommendation that the Verified Motion to Withdraw Plea of Guilty be granted. Doc. 55. On January 6, 2015, the United States filed an Objection to the Report and Recommendation. Doc. 56.

On January 22, 2015, an evidentiary hearing was conducted by the district judge on the Appellant's Verified Motion to Withdraw Plea of Guilty. Doc. 65. On February 5, 2015, the district judge entered his Order declining to follow the Report and Recommendation of the magistrate judge and denying the Appellant's Verified Motion to Withdraw Plea of Guilty. Doc. 67. On March 20, 2015, an Amended Final Presentence Investigation Report was filed by the United States Probation Office and Supplemental Memorandum/Attachments were filed on April

3

14, 2015. Docs. 82, 88

On April 15, 2015, Appellant's sentencing hearing was conducted by the district judge. Doc. 89. At the hearing, the Appellant requested to file in open court a *pro se* Motion to Terminate Proceedings and Vacate Sentence and was permitted to do so by the district judge. Docs. 89, 90. Thereafter, the district judge orally denied the Appellant's Motion to Terminate Proceedings and Vacate Sentence and continued the sentencing hearing to give Appellant time to research and brief a sentencing enhancement issue that arose at the hearing. Docs. 91, 92. On April 22, 2015, the Appellant's sentencing hearing continued and concluded when the Appellant was sentenced by the district judge to 365 months of imprisonment to be followed by lifetime supervised release and a special assessment of $100.00. Doc. 95. The Judgment in a Criminal Case was entered on April 27, 2015. Doc. 98.

On May 5, 2015, Appellant timely filed his Notice of Appeal and remains incarcerated. Doc. 101.

## 2.    Statement of Facts

In connection with his guilty plea (both in the Plea Agreement and at his Change of Plea Hearing), the Appellant admitted eleven pages of facts which demonstrate that the Appellant sexually battered a female toddler and had numerous email discussions with the toddler's father (who was separately

4

prosecuted and sentenced to life in prison) prior to the sexual battery about Appellant's sexual fantasies concerning the child. Furthermore, after the battery occurred, the Appellant had email correspondence with the father and an undercover law enforcement officer posing as the father about sexually battering the child again.Finally, subsequent to his arrest, the Appellant voluntarily admitted to the aforementioned activities and his conduct was corroborated by lawful searches of his electronic devices.

### 3.    Standard of Review

A district court's order denying a motion to withdraw a guilty plea and determining that a guilty plea is knowing and voluntary is reviewed to determine whether it constituted an abuse of discretion. *United States v. Medlock,* 12 F.3d 185, 187 (11th Cir. 1994); *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).

## SUMMARY OF THE ARGUMENT

A frivolous appeal, according to *Anders v. California*, 386 U.S. 738 (1967), is one without arguable merit. If, after a "conscientious examination" of the entire record on appeal, counsel concludes that an appeal would be frivolous, then counsel's duty is to prepare a brief that sets out any irregularities in the trial process or other potential error which, in the judgment of the client, another attorney, or the Court, might be arguably meritorious. *Penson v. Ohio,* 488 U.S. 75, 80 (1988); *United States v. Blackwell*, 767 F.2d 1486, 1487-88 (11th Cir. 1985). Upon the filing of an *Anders* brief, the reviewing court is required to conduct a full examination of the record to decide whether the case is wholly frivolous, and only after that inquiry is complete, may it consider the appeal on the merits. *See United States v. Gholston,* 932 F.2d 904 (11th Cir. 1991).

In the instant case, after diligent review of the entire record on appeal, undersigned counsel has been unable to find any non-frivolous argument that could in good faith be presented on appeal. Consequently, counsel has not presented any argument, but rather has merely stated a possible issue that Appellant may be interested in presenting, along with relevant facts and law.

6

## ARGUMENT AND CITATIONS OF AUTHORITY

In the instant case, the Appellant might assert that the district court abused its discretion in determining that his guilty plea was knowing and voluntary.

Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), the district court may allow a defendant to withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In making this assessment, the district court should evaluate the "totality of the circumstances surrounding the plea."*Buckles*, 843 F.2d at 471-72. Four factors guide this analysis: (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources will be conserved; and (4) whether the government would be unduly prejudiced. *Id.* at 472.

A guilty pleais knowing and voluntary if the defendant entered the plea without coercion and with the understanding of the nature of the charges and the consequences of the plea.*United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009). This Court applies a strong presumption that statements made under oath during a plea colloquy are truthful. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, the defendant bears a heavy burden to show a statement made under oath at a plea colloquy was false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). Further, a defendant seeking to set aside a

7

guilty plea "must at the very least show that correct information would have made a difference in his decision to plead guilty." *United States v. Schubert,* 728 F.2d1364, 1365 (11th Cir. 1984). The fact that a defendant has a change of heart prompted by a reevaluation of either the government's case against him or the penalty that might be imposed is not a sufficient reason to allow withdrawal of a guilty plea. *United States v. Schmidt*, 373 F.3d 100, 102 (2nd Cir. 2004). The defendant bears the burden of showing a fair and just reason to withdraw his plea. *Buckles,* 843 F2d at 471.

When the Appellant pleaded guilty, the magistrate judge conducted a lengthy plea colloquy during which she explained the nature of the charges and the consequences of a guilty plea, including the loss of his right to appeal his conviction. Doc. 37. Appellant stated to the court that he understood these issues and that he had talked to his then attorney about the Plea Agreement and that he read and understood the Plea Agreement. Doc. 37. Based on a thorough examination of the Appellant to determine whether his guilty plea was freely and knowingly made, the magistrate judge recommended that the district judge accept the guilty plea. The plea colloquy in this case demonstrates that the magistrate judge was concerned that the Appellant had advice of counsel in making his decision to change his plea to guilty and that his decision was knowing and

8

voluntary.

A plea is knowing and voluntary if "three core concerns" are addressed in the plea colloquy: "the (1) plea is free from coercion, (2) defendant understands the nature of the charges, and (3) the defendant knows and understands the consequences of his guilty plea. *United States v. Hernandez-Fraire*, 208 F.3d 945, 950 (11th Cir. 2000). The Appellant stated to the magistrate judge that no one had threatened to get him to plead guilty and that he was pleading guilty because he had committed the crime. Doc. 37. The magistrate judge explained the nature of the charges against the Appellant and the Appellant stated that he understood what would have to be proven to convict him. Doc. 37. The magistrate judge further explained the consequences of the guilty plea to the Appellant and the Appellant acknowledged that he understood these consequences, including that he was giving up his right to appeal his conviction. Doc. 37. Finally, the Appellant stated that he had talked to his attorney about the Plea Agreement and the sentencing guidelines and that he read and believed that he understood the Plea Agreement. Doc. 37.

Statements made during the plea colloquy, declarations made under oath and in open court, carry a strong presumption of verity. *Medlock,* 12 F.3d at 187. [W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false. *Rogers,* 848 F.2d at 168. "A

9

defendant that presents a reason for withdrawing his guilty plea that contradicts the answers he gave at a Rule 11 hearing faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea id 'fair and just.'" *United States v. Trussel*, 961 F.2d 685, 689 (7th Cir. 1992). In the end, "[t]he good faith, credibility, and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide. *Buckles,* 843 F.2d at 472.

10

## CONCLUSION

**WHEREFORE,** pursuant to *Anders v. California,* 386 U.S. 738 (1967), the undersigned counsel respectfully requests that this Court grant him permission to withdraw as counsel of record and asks that this Court afford JONATHAN TYLER PRIVE the opportunity, if he so desires, to supplement this appeal raising any issues he contends have merit. Counsel certifies that he is today forwarding Mr. Prive a copy of the unsealed portion of the appendix, which includes the transcripts of the change of plea, the evidentiary hearing on the motion to withdraw, and the sentencing hearings, this brief, and a letter explaining his right to supplement this brief, if he so chooses.

Respectfully Submitted,

/s/ Daniel N. Brodersen_____
Daniel N. Brodersen, Esquire
Florida Bar No.; 664197
BRODERSEN LAW FIRM
533 N. Magnolia Avenue
Orlando, Florida 32801
TELEPHONE: (407) 649-0007
FACSIMILE: (407) 649-0017
EMAIL:     brodersend@gmail.com
CJA COUNSEL FOR APPELLANT

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Appellant's Brief was furnished electronically via CM/ECF to Linda Julin McNamara, Assistant U.S. Attorney, and by United States Mail to Jonathan Tyler Prive, #60386-018, Brevard County Jail Complex, 860 Camp Road, Cocoa, Florida 32927 on this 10th day of August, 2015.

/s/ Daniel N. Brodersen
Attorney