IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

CASE NO.: 15-12032

_____

UNITED STATES OF AMERICA,

Plaintiff/Appellee,

v.

JONATHAN TYLER PRIVE,

Defendant/Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

_____

APPELLANT'S APPENDIX ON APPEAL

_____


DANIEL N. BRODERSEN, ESQ.
533 N. MAGNOLIA AVENUE
ORLANDO, FLORIDA 32801
TELEPHONE: (407) 649-0007
FACSIMILE: (407) 649-0017
EMAIL:     brodersend@gmail.com
CJA COUNSEL FOR APPELLANT

Date Filed: 08/10/2015

Document: 25

USCA11 Case: 15-12032

No.:15-12032

*United States of America v. Jonathan Tyler Prive*

## INDEX TO APPENDIX

| Document | Page No. |
|---|---|

Criminal Docket Sheet…………………………………………1

Indictment……………………………………………………9

Plea Agreement………………………………………………14

Judgment in a Criminal Case………………………………...41

Transcript of Change of Plea Hearing………………………46

Certificate of Service………………………………………...62

APPEAL, CLOSED

**U.S. District Court**
**Middle District of Florida (Orlando)**
**CRIMINAL DOCKET FOR CASE #: 6:14-cr-00033-JA-KRS-1**

Case title: USA v. Prive

Date Filed: 02/19/2014
Date Terminated: 04/22/2015

Page: 3 of 74    Date Filed: 08/10/2015    Document: 25    USCA11 Case: 15-12032

Assigned to: Judge John Antoon II
Referred to: Magistrate Judge Karla R. Spaulding

Appeals court case number: 15-12032 USCA

**Defendant (1)**

**Jonathan Tyler Prive**
# 60386-018
Brevard County Jail Complex
860 Camp Rd.
Cocoa, FL 32927
*TERMINATED: 04/22/2015*

represented by **Daniel Newton Brodersen**
Brodersen Law Firm
533 N Magnolia Ave
Orlando, FL 32801
407-649-0007
Fax: 407-649-0017
Email: brodersend@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Jose Rodriguez**
Jose Rodriguez, PA
1434 E Michigan St
Orlando, FL 32806
407/898-8686
Fax: 407/898-8626
Email: jr@joserodriguezlaw.com
*TERMINATED: 11/03/2014*
*Designation: CJA Appointment*

**Patrick Michael Megaro**
Halscott Megaro P.A.
33 E Robinson St Ste 210
Orlando, FL 32801
407-255-2165
Fax: 855-224-1671
Email: KC2QBN@yahoo.com
*TERMINATED: 02/18/2015*
*Designation: CJA Appointment*

**Pending Counts**

18:2422.F COERCION OR ENTICEMENT OF MINOR
(using a facility and means of interstate commerce, did
persuade, induce, entice and coerce a minor to engage in
sexual activity)
(2)

**Disposition**

Imprisonment: 365 months; Deft. is remanded to the
custody of the U.S. Marshal. Supervised release: Life;
Mandatory drug testing requirements are waived. Special
conditions of supervised release: Deft. shall be prohibited
from incurring new credit charges, opening additional
lines of credit, etc. and provide probation officer access to
any requested financial information. Sex offender
conditions: Participate in a sexual offender mental health
treatment program; No contact with minor children;
Media and computer restrictions imposed; Register with
all sex offender registries as required by law; Submit to a
search of your person, residence, place of business, etc.;
Cooperate in the collection of DNA. Fine: Waived;
Special assessment: $100.00.

Page: 4 of 74     Date Filed: 08/10/2015     Document: 25     USCA11 Case: 15-12032

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:2422.F COERCION OR ENTICEMENT OF MINOR (using a facility and means of interstate commerce, did persuade, induce, entice and coerce a minor to engage in sexual activity) (1) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA**                                                    represented by **Andrew C. Searle**
US Attorney's Office - FLM
Suite 3100
400 W Washington St
Orlando, FL 32801
407/648-7500
Email: andrew.searle@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/19/2014 | 1 | INDICTMENT returned in open court as to Jonathan Tyler Prive (1) Counts 1-2. (GJS) (Entered: 02/20/2014) |
| 02/20/2014 | 3 | NOTICE of estimated length of trial by USA. Estimated trial length: Three days days. (Searle, Andrew) (Entered: 02/20/2014) |
| 02/20/2014 | 4 | CERTIFICATE of interested persons and corporate disclosure statement by USA (Searle, Andrew) (Entered: 02/20/2014) |
| 02/20/2014 | 5 | NOTICE OF ATTORNEY APPEARANCE Andrew C. Searle appearing for USA. (Searle, Andrew) (Entered: 02/20/2014) |
| 02/20/2014 | 6 | NOTICE of possible conflict of interest by USA as to Jonathan Tyler Prive A possible conflict of interest does exist. (Searle, Andrew) (Entered: 02/20/2014) |
| 02/20/2014 | 7 | NOTICE of pendency of related cases re order of compliance to Local Rule as to Jonathan Tyler Prive by USA. Related case(s): yes (Searle, Andrew) (Entered: 02/20/2014) |
| 02/21/2014 | 8 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Jonathan Tyler Prive. (Attachments: # 1 Text of Proposed Order)(Searle, Andrew) Motions referred to Magistrate Judge Karla R. Spaulding. (Entered: 02/21/2014) |
| 02/21/2014 | 9 | ORDER granting 8 Motion for Writ of Habeas Corpus ad prosequendum. WRIT ISSUED as to Jonathan Tyler Prive (1). Initial Appearance set for 3/14/2014 at 10:30 AM in Orlando Courtroom 5 D before Magistrate Judge Karla R. Spaulding. Signed by Magistrate Judge Karla R. Spaulding on 2/21/2014. (copies provided) (ECJ) (Entered: 02/21/2014) |
| 02/27/2014 | 10 | NOTICE of Similar Case by USA as to Jonathan Tyler Prive (Searle, Andrew) (Entered: 02/27/2014) |
| 02/27/2014 | 11 | MOTION to transfer case to Judge Antoon (related to 6:13-cr-280-Orl-28DAB) by USA as to Jonathan Tyler Prive. (Searle, Andrew) Modified on 2/28/2014 (MAA). (Entered: 02/27/2014) |
| 03/05/2014 | 12 | ORDER granting 11 Motion to Transfer case as to Jonathan Tyler Prive (1). Pursuant to Local Rule 1.04(b), this case is hereby TRANSFERRED to United States District Judge John Antoon II, Orlando Division, for all further proceedings. The Clerk is hereby directed to transfer this case to District Judge John Antoon II, Orlando Division. Signed by Judge Charlene Edwards Honeywell on 3/5/2014. (BGS) (Entered: 03/05/2014) |
| 03/06/2014 | 13 | Case as to Jonathan Tyler Prive Reassigned to Judge John Antoon II. New case number: 6:14-cr-33-Orl-28KRS. Judge Charlene Edwards Honeywell no longer assigned to the case. (MAA) (Entered: 03/06/2014) |

| | | |
|---|---|---|
| 03/10/2014 | 14 | ARREST Warrant Returned Executed on 3/7/14 as to Jonathan Tyler Prive. (RDO) (Entered: 03/10/2014) |
| 03/14/2014 | | Arrest of Jonathan Tyler Prive on 3/14/2014. (ECJ) (Entered: 03/14/2014) |
| 03/14/2014 | 15 | Minute Entry for proceedings held before Magistrate Judge Karla R. Spaulding: Initial Appearance as to Jonathan Tyler Prive held on 3/14/2014, ARRAIGNMENT as to Jonathan Tyler Prive (1) Count 1-2 held on 3/14/2014 Defendant, pled not guilty. (DIGITAL) (ECJ) (Entered: 03/14/2014) |
| 03/14/2014 | 16 | ***CJA 23 Financial Affidavit by Jonathan Tyler Prive. (ECJ) (Entered: 03/14/2014) |
| 03/14/2014 | 17 | NOTICE OF ATTORNEY APPEARANCE: Jose Rodriguez appearing for Jonathan Tyler Prive. (ECJ) (Entered: 03/14/2014) |
| 03/14/2014 | 18 | SCHEDULING ORDER as to Jonathan Tyler Prive. Status Conference set for 4/17/2014 at 09:15 AM in Orlando Courtroom 6 B before Judge John Antoon II, Jury Trial set for 5/5/2014 at 09:00 AM in Orlando Courtroom 6 B before Judge John Antoon II. Signed by Magistrate Judge Karla R. Spaulding on 3/14/2014. (copies provided)(ECJ) (Entered: 03/14/2014) |
| 03/14/2014 | 19 | ORDER OF DETENTION PENDING TRIAL as to Jonathan Tyler Prive. Defendant is not eligible due to outstanding warrants or detainers in another jurisdiction. Signed by Magistrate Judge Karla R. Spaulding on 3/14/2014. (copies provided)(ECJ) (Entered: 03/14/2014) |
| 03/14/2014 | 20 | ARREST Warrant Returned Executed on 3/7/14 as to Jonathan Tyler Prive. (LAK) (Entered: 03/14/2014) |
| 04/16/2014 | 21 | First MOTION to continue trial until July 1, 2014 and to enlarge the period for the filing of pretrial motions up to and including June 1, 2014 by Jonathan Tyler Prive. (Rodriguez, Jose) Modified on 4/17/2014 (MAL). (Entered: 04/16/2014) |
| 04/17/2014 | 22 | Minute Entry for proceedings held before Judge John Antoon II: CRIMINAL STATUS Conference as to Jonathan Tyler Prive held on 4/17/2014. Court grants Defendant's motion to continue trial - Separate order to be entered. Counsel for Govt: Andrew Searle; Counsel for Deft: Jose Rodriguez. Start time: 9:47 a.m; End time: 9:52 a.m. Court Reporter: Diane Peede (DJD) (Entered: 04/18/2014) |
| 04/23/2014 | 23 | WAIVER of speedy trial by Jonathan Tyler Prive (Attachments: # 1 Main Document Certificate of Service)(Rodriguez, Jose) (Entered: 04/23/2014) |
| 05/01/2014 | 24 | ORDER granting 21 Motion to continue trial as to Jonathan Tyler Prive. Jury Trial reset for the trial term commencing 9/2/2014 in Orlando Courtroom 6 B before Judge John Antoon II. Status Conference set for 8/15/2014 at 09:15 AM in Orlando Courtroom 6 B before Judge John Antoon II. Signed by Judge John Antoon II on 5/1/2014. CTP (DJD) (Entered: 05/01/2014) |
| 08/15/2014 | 25 | Minute Entry for status conference proceedings held before Judge John Antoon II as to Jonathan Tyler Prive on 8/15/2014. Andrew Searle appears for the government, Jose Rodriguez appears for the defendant. Counsel for Defendant informs the Court this case should resolve by a guilty plea. The Court informs the parties that if the case does go to trial, it will be heard the week of 9/2/2014. Court Reporter: Amie First. Time in Court: 9:32 a.m. - 9:35 a.m. (LAM) (Entered: 08/15/2014) |
| 08/15/2014 | 26 | NOTICE OF HEARING as to Jonathan Tyler Prive: Change of Plea Hearing set for 8/27/2014 at 09:30 AM in Orlando Courtroom 5 D before Magistrate Judge Karla R. Spaulding. (copies provided)(ECJ) (Entered: 08/15/2014) |
| 08/26/2014 | 27 | PLEA AGREEMENT re: count(s) Two of the Indictment as to Jonathan Tyler Prive (Searle, Andrew) (Entered: 08/26/2014) |
| 08/27/2014 | 28 | Minute Entry for proceedings held before Magistrate Judge Karla R. Spaulding: Change of Plea Hearing as to Jonathan Tyler Prive held on 8/27/2014. (DIGITAL) (ECJ) (Entered: 08/27/2014) |
| 08/27/2014 | 29 | NOTICE regarding plea of guilty by Jonathan Tyler Prive. (ECJ) (Entered: 08/27/2014) |
| 08/27/2014 | 30 | CONSENT TO INSPECTION of Presentence Investigation Report by Jonathan Tyler Prive. (ECJ) (Entered: 08/27/2014) |
| 08/27/2014 | 31 | REPORT AND RECOMMENDATIONS concerning Plea of Guilty re: Count Two of the Indictment as to Jonathan Tyler Prive. Signed by Magistrate Judge Karla R. Spaulding on 8/27/2014. (copies provided)(ECJ) (Entered: 08/27/2014) |
| 08/27/2014 | 32 | NOTICE of no objection re 31 Report and Recommendations concerning plea of guilty by USA as to Jonathan Tyler Prive. (ECJ) (Entered: 08/27/2014) |
| 08/27/2014 | 33 | NOTICE of no objection re 31 Report and Recommendations concerning plea of guilty by Jonathan Tyler Prive. (ECJ) (Entered: 08/27/2014) |
| 08/28/2014 | 34 | NOTICE OF HEARING as to Jonathan Tyler Prive: Sentencing set for 1/9/2015 at 09:30AM in Orlando Courtroom 6 B before Judge John Antoon II. Note to Counsel: 1) Counsel should call the Courtroom Deputy Clerk at (407) 835-4304 if they anticipate this hearing will take longer than 15 minutes. 2) The Pre-sentence report shall be provided to the Court by December 5, 2014 by the Probation Office. 3) Any sentencing memoranda, expert reports or other documentation the parties wish the Court to consider shall be filed by December 12, 2014. CTP(DJD) (Entered: 08/28/2014) |
| 08/28/2014 | 35 | NOTICE to Court Regarding Forfeiture by USA as to Jonathan Tyler Prive (Andrejko, Nicole) (Entered: 08/28/2014) |

Page: 5 of 74    Date Filed: 08/10/2015    Document: 25    USCA11 Case: 15-12032

| 08/29/2014 | 36 | ACCEPTANCE OF PLEA of guilty and adjudication of guilt re: Count Two of the Indictment as to Jonathan Tyler Prive. Signed by Judge John Antoon II on 8/29/2014. CTP (DJD) (Entered: 08/29/2014) |
| --- | --- | --- |
| 09/22/2014 | 37 | TRANSCRIPT of change of plea as to Jonathan Tyler Prive held on 8-27-14 before Judge Karla R. Spaulding. Court Reporter/Transcriber Sandy Tremel, Telephone number 407-245-3110. Tape Number: digital. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 10/14/2014, Redacted Transcript Deadline set for 10/23/2014, Release of Transcript Restriction set for 12/22/2014. (SKT) (Entered: 09/22/2014) |
| 09/22/2014 | 38 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal as to Jonathan Tyler Prive. Court Reporter: Sandy Tremel (SKT) (Entered: 09/22/2014) |
| 10/21/2014 | 39 | ***STRICKEN*** MOTION to Appoint Counsel by Jonathan Tyler Prive. FILED PRO SE. (IGC) Motions referred to Magistrate Judge Karla R. Spaulding. Modified on 10/22/2014 (JET). ***STRICKEN PER ORDER #40. (Entered: 10/21/2014) |
| 10/21/2014 | 40 | ENDORSED ORDER striking 39 Motion to appoint counsel as to Jonathan Tyler Prive (1). Mr. Prive is represented by counsel and may not file motions on his own behalf. The Court requests that Mr. Prive's counsel contact him expeditiously to discuss the issues raised by the filing and notify the Court through a motion if a hearing on this matter is requested. Counsel for Mr. Prive should also provide him with a copy of this text-entry order. Signed by Magistrate Judge Karla R. Spaulding on 10/21/2014. (Spaulding, Karla) (Entered: 10/21/2014) |
| 10/29/2014 | 41 | First MOTION to Withdraw as Attorney by Jose Rodriguez. by Jonathan Tyler Prive. (Rodriguez, Jose) Motions referred to Magistrate Judge Karla R. Spaulding. (Entered: 10/29/2014) |
| 10/29/2014 | 42 | NOTICE OF HEARING ON MOTION in case as to Jonathan Tyler Prive: 41 First MOTION to Withdraw as Attorney by Jose Rodriguez. Motion Hearing set for 11/3/2014 at 01:30 PM in Orlando Courtroom 5 D before Magistrate Judge Karla R. Spaulding. (copies provided)(ECJ) (Entered: 10/29/2014) |
| 11/03/2014 | 43 | Minute Entry for proceedings held before Magistrate Judge Karla R. Spaulding: Motion Hearing as to Jonathan Tyler Prive held on 11/3/2014 re 41 First MOTION to Withdraw as Attorney by Jose Rodriguez filed by Jonathan Tyler Prive. (DIGITAL) (ECJ) (Entered: 11/03/2014) |
| 11/03/2014 | 44 | ORDER granting 41 Motion to Withdraw as Attorney. Jose Rodriguez, Esq., is relieved of his appointment to represent the Defendant and Daniel Brodersen, Esq., is appointed to represent the Defendant. Signed by Magistrate Judge Karla R. Spaulding on 11/3/2014. (ECJ) (Entered: 11/03/2014) |
| 11/07/2014 | 45 | RULE 32(e)(2) INITIAL PRESENTENCE INVESTIGATION REPORT as to Jonathan Tyler Prive. E-copies made available to selected parties.(MF) (Entered: 11/07/2014) |
| 12/05/2014 | 46 | RULE 32(g) FINAL PRESENTENCE INVESTIGATION REPORT as to Jonathan Tyler Prive. E-copies available to selected parties.(CS) (Entered: 12/05/2014) |
| 12/09/2014 | 48 | Verified MOTION to Withdraw Plea of Guilty by Jonathan Tyler Prive. (Brodersen, Daniel) (Entered: 12/09/2014) |
| 12/09/2014 | 49 | NOTICE of Clarification by Jonathan Tyler Prive re 48 Verified MOTION to Withdraw Plea of Guilty . (Brodersen, Daniel) (Entered: 12/09/2014) |
| 12/10/2014 | 50 | MOTION to extend time until 12/19/14 to Submit Sentencing Memorandum by Jonathan Tyler Prive. (Brodersen, Daniel) Modified on 12/11/2014 (IGC). (Entered: 12/10/2014) |
| 12/12/2014 | 51 | SENTENCING MEMORANDUM by USA as to Jonathan Tyler Prive (Searle, Andrew) (Entered: 12/12/2014) |
| 12/15/2014 | 52 | ENDORSED ORDER requiring the United States to file a response to Defendant's Verified Motion to Withdraw Guilty Plea 48 on or before December 19, 2014. Signed by Magistrate Judge Karla R. Spaulding on 12/15/2014. (Spaulding, Karla) (Entered: 12/15/2014) |
| 12/19/2014 | 53 | ENDORSED ORDER granting 50 Motion to extend time to submit sentencing memorandum as to Jonathan Tyler Prive. Defendant has up to and including January 6, 2015 to file their sentencing memorandum. Signed by Judge John Antoon II on 12/19/2014. CTP(DJD) (Entered: 12/19/2014) |
| 12/19/2014 | 54 | RESPONSE in Opposition by USA as to Jonathan Tyler Prive re 48 Verified MOTION to Withdraw Plea of Guilty (Attachments: # 1 Exhibit A)(Searle, Andrew) (Entered: 12/19/2014) |
| 12/23/2014 | 55 | REPORT AND RECOMMENDATIONS as to Jonathan Tyler Prive that 48 Verified MOTION to withdraw plea of guilty be granted. Signed by Magistrate Judge Karla R. Spaulding on 12/23/2014. (LAK) (Entered: 12/23/2014) |
| 01/06/2015 | 56 | OBJECTION to 55 Report and Recommendations by USA as to Jonathan Tyler Prive (Searle, Andrew) Modified on 1/6/2015 (JET). (Exhibit A is filed at 58 .) (Entered: 01/06/2015) |

USCA11 Case: 15-12032        Document: 25        Date Filed: 08/10/2015        Page: 7 of 74

| | | |
|---|---|---|
| 01/06/2015 | 57 | Unopposed MOTION to Continue Sentencing by USA as to Jonathan Tyler Prive. (Searle, Andrew) (Entered: 01/06/2015) |
| 01/06/2015 | 58 | NOTICE of Filing Exhibit A to Objections 56 by USA as to Jonathan Tyler Prive (Attachments: # 1 Exhibit A)(Searle, Andrew) Modified on 1/6/2015 (JET). (Entered: 01/06/2015) |
| 01/06/2015 | 59 | ENDORSED ORDER granting 57 Motion to Continue sentencing as to Jonathan Tyler Prive. Signed by Judge John Antoon II on 1/6/2015. CTP(DJD) (Entered: 01/06/2015) |
| 01/06/2015 | 60 | NOTICE OF RESCHEDULING HEARING: The Sentencing hearing previously scheduled for January 9, 2015 is rescheduled as to Jonathan Tyler Prive. New hearing date and time:Sentencing set for 2/6/2015 at 10:00AM in Orlando Courtroom 6 B before Judge John Antoon II. CTP(DJD) (Entered: 01/06/2015) |
| 01/07/2015 | 61 | NOTICE OF HEARING as to Jonathan Tyler Prive: evidentiary hearing on 48 motion to withdraw guilty plea set for January 22, 2015 at 9:30 a.m. Signed by Judge John Antoon II on 1/7/2015. (HV) (Entered: 01/07/2015) |
| 01/16/2015 | 62 | AMENDED re 61 NOTICE OF HEARING as to Jonathan Tyler Prive: evidentiary hearing on 48 motion to withdraw guilty plea set for January 22, 2015 at 9:30 a.m. Current counsel shall be prepared to discuss the Court's standard of review with regard to 55 Report and Recommendation. Signed by Judge John Antoon II on 1/16/2015. (HV) Modified on 1/16/2015 (MAL). (Entered: 01/16/2015) |
| 01/16/2015 | | Set hearings as to Jonathan Tyler Prive: Evidentiary Hearing set for 1/22/2015 at 09:30 AM in Orlando Courtroom 6 B before Judge John Antoon II. (MAL) (Entered: 01/16/2015) |
| 01/20/2015 | 63 | RESPONSE 56 Objection to Report and Recommendations by Jonathan Tyler Prive (Brodersen, Daniel) (Entered: 01/20/2015) |
| 01/21/2015 | 64 | NOTICE *to the Court regarding the standard of review of the Magistrate Judge's Report and Recommendation* by USA as to Jonathan Tyler Prive re 55 REPORT AND RECOMMENDATIONS as to Jonathan Tyler Prive re 48 Verified MOTION to Withdraw Plea of Guilty .. (Searle, Andrew) (Entered: 01/21/2015) |
| 01/22/2015 | 65 | Minute Entry for proceedings held before Judge John Antoon II: Motion Hearing as to Jonathan Tyler Prive held on 1/22/2015 re 48 Verified MOTION to Withdraw Plea of Guilty filed by Jonathan Tyler Prive. Witnesses: Jonathan Prive and Jose Rodriguez. Court takes motion under advisement and will issue written order. Court Reporter: Koretta Stanford (DJD) (Entered: 01/23/2015) |
| 02/05/2015 | 66 | MOTION to Withdraw as Attorney by Daniel N. Brodersen. by Jonathan Tyler Prive. (Brodersen, Daniel) Motions referred to Magistrate Judge Karla R. Spaulding. (Entered: 02/05/2015) |
| 02/05/2015 | 67 | ORDER denying 48 Motion to Withdraw Plea of Guilty as to Jonathan Tyler Prive; sustaining 56 Objections to 55 Report and Recommendation; declining to adopt 55 Report and Recommendation. Signed by Judge John Antoon II on 2/5/2015. (HV) (Entered: 02/05/2015) |
| 02/05/2015 | 68 | NOTICE OF RESCHEDULING HEARING: The Sentencing hearing previously scheduled for February 6, 2015 is rescheduled as to Jonathan Tyler Prive. New hearing date and time:Sentencing set for 2/27/2015 at 10:30AM in Orlando Courtroom 6 B before Judge John Antoon II. CTP(DJD) (Entered: 02/05/2015) |
| 02/05/2015 | 69 | NOTICE OF HEARING ON MOTION in case as to Jonathan Tyler Prive: 66 MOTION to Withdraw as Attorney by Daniel N. Brodersen. Motion Hearing set for 2/10/2015 at 10:30 AM in Orlando Courtroom 5 D before Magistrate Judge Karla R. Spaulding. (copies provided)(ECJ) (Entered: 02/05/2015) |
| 02/10/2015 | 70 | Minute Entry for proceedings held before Magistrate Judge Karla R. Spaulding: Motion Hearing as to Jonathan Tyler Prive held on 2/10/2015 re 66 MOTION to Withdraw as Attorney by Daniel N. Brodersen. filed by Jonathan Tyler Prive. (DIGITAL) (ECJ) (Entered: 02/10/2015) |
| 02/10/2015 | 71 | ORDER appointing counsel as to Jonathan Tyler Prive. It is ORDERED that Patrick Megaro, Esq., is appointed to represent Defendant Jonathan Tyler Prive pursuant to 18 U.S.C. § 3006(A). Signed by Magistrate Judge Karla R. Spaulding on 2/10/2015. (copies provided)(ECJ) (Entered: 02/10/2015) |
| 02/10/2015 | 72 | NOTICE OF HEARING ON MOTION in case as to Jonathan Tyler Prive: 66 MOTION to Withdraw as Attorney by Daniel N. Brodersen. Continuation of Motion Hearing set for 2/18/2015 at 10:30 AM in Orlando Courtroom 5 D before Magistrate Judge Karla R. Spaulding. The Defendant is required to be present. (copies provided)(ECJ) (Entered: 02/10/2015) |
| 02/11/2015 | 74 | Unopposed MOTION to Continue Sentencing Proceedings by Jonathan Tyler Prive. (Brodersen, Daniel) (Entered: 02/11/2015) |
| 02/11/2015 | 75 | ORDER denying without prejudice 74 Motion to Continue as to Jonathan Tyler Prive. Signed by Judge John Antoon II on 2/11/2015. (HV) (Entered: 02/11/2015) |
| 02/18/2015 | 76 | Minute Entry for proceedings held before Magistrate Judge Karla R. Spaulding: Motion Hearing as to Jonathan Tyler Prive held on 2/18/2015 re 66 MOTION to Withdraw as Attorney by Daniel N. Brodersen. filed by Jonathan Tyler Prive. (DIGITAL) (ECJ) (Entered: 02/18/2015) |
| 02/18/2015 | 77 | ORDER withdrawing 66 Motion to Withdraw as Counsel of Record as to Jonathan Tyler Prive (1). Signed by Magistrate Judge Karla R. Spaulding on 2/18/2015. (ECJ) (Entered: 02/18/2015) |

| 02/23/2015 | 78 | Second MOTION to Continue Sentencing Proceedings *(Unopposed)* by Jonathan Tyler Prive. (Brodersen, Daniel) (Entered: 02/23/2015) |
| --- | --- | --- |
| 02/23/2015 | 79 | ENDORSED ORDER granting 78 Motion to Continue sentencing as to Jonathan Tyler Prive. Signed by Judge John Antoon II on 2/23/2015. CTP(DJD) (Entered: 02/23/2015) |
| 02/23/2015 | 80 | NOTICE OF RESCHEDULING HEARING: The Sentencing hearing previously scheduled for February 27, 2015 is rescheduled as to Jonathan Tyler Prive. New hearing date and time:Sentencing set for 3/27/2015 at 10:00AM in Orlando Courtroom 6 B before Judge John Antoon II. All Objections to the Pre-Sentence Report or Motions pertaining thereto shall be in writing and filed no later than three (3) days prior to the sentencing hearing. Counsel is to notify the Courtroom Deputy Clerk as soon as possible if they believe the sentencing will be longer than 30 minutes. CTP(DJD) (Entered: 02/23/2015) |
| 02/26/2015 | 81 | ORDER as to Jonathan Tyler Prive. No later than March 20, 2015, the Government and Defendant shall submit to the Court additional arguments and supporting authority for any issue pertaining to sentencing that have not previously been addressed. Signed by Judge John Antoon II on 2/25/2015. CTP(DJD) (Entered: 02/26/2015) |
| 03/20/2015 | 82 | AMENDED RULE 32(g) FINAL PRESENTENCE INVESTIGATION REPORT as to Jonathan Tyler Prive. E-copies made available to selected parties.(CS) (Entered: 03/20/2015) |
| 03/26/2015 | 84 | Renewed MOTION for Daniel N. Brodersen to Withdraw as Attorney by Jonathan Tyler Prive. (Brodersen, Daniel) Motions referred to Magistrate Judge Karla R. Spaulding. Modified on 3/27/2015 (JET). (Entered: 03/26/2015) |
| 03/26/2015 | 85 | NOTICE canceling Sentencing hearing scheduled for March 27, 2015 as to Jonathan Tyler Prive. The Court will reschedule the sentencing by separate notice following ruling on the Defendant's second motion to withdraw as attorney. CTP (DJD) (Entered: 03/26/2015) |
| 03/27/2015 | 86 | ORDER denying 84 Renewed Motion to Withdraw as Counsel as to Jonathan Tyler Prive (1). Signed by Magistrate Judge Karla R. Spaulding on 3/27/2015. (ECJ) (Entered: 03/27/2015) |
| 03/27/2015 | 87 | NOTICE OF RESCHEDULING HEARING: The Sentencing hearing previously scheduled for March 27, 2015 is rescheduled as to Jonathan Tyler Prive. New hearing date and time:Sentencing set for 4/15/2015 at 10:30AM in Orlando Courtroom 6 B before Judge John Antoon II. CTP(DJD) (Entered: 03/27/2015) |
| 04/14/2015 | 88 | PRESENTENCE REPORT SUPPLEMENTAL MEMORANDUM/ATTACHMENTS as to Jonathan Tyler Prive. E-copies made available to selected parties.(CCS) (Entered: 04/14/2015) |
| 04/15/2015 | 89 | Minute Entry for proceedings held before Judge John Antoon II: Sentencing proceedings held on April 15, 2015. Defense counsel advises the Court that defendant requests he be allowed to file a motion pro se for the Court's consideration. The Court waives the rule and allows defendant's pro se motion to be filed. The Court Denies defendant's pro se motion to terminate proceedings and vacate sentence. Court hears argument on objections to the PSR and continues the sentencing to allow defendant to file a written response to the enhancement requested by the Government. Sentencing will be reset by separate notice. Counsel for Govt: Andrew Searle; Counsel for Deft: Daniel Brodersen. Times: 10:30-11:20 a.m; 11:35-11:55 p.m. Court Reporter: Sandy Tremel (DJD) (Entered: 04/15/2015) |
| 04/15/2015 | 90 | Pro Se MOTION to terminate proceedings and Vacate Sentence by Jonathan Tyler Prive filed in open court. (DJD) (Entered: 04/15/2015) |
| 04/15/2015 | 91 | **ORAL ORDER denying 90 Motion to terminate proceedings and Vacate sentence as to Jonathan Tyler Prive. Entered by Judge John Antoon II on 4/15/2015. (DJD)** (Entered: 04/15/2015) |
| 04/15/2015 | 92 | NOTICE OF HEARING as to Jonathan Tyler Prive: Continuation of Sentencing set for 4/22/2015 at 10:30AM in Orlando Courtroom 6 B before Judge John Antoon II. CTP(DJD) (Entered: 04/15/2015) |
| 04/17/2015 | 93 | MEMORANDUM in support re 82 Presentence Investigation Report (Parties) Probation - SEALED by USA as to Jonathan Tyler Prive (Searle, Andrew) (Entered: 04/17/2015) |
| 04/21/2015 | 94 | NOTICE *Regarding the Applicability of USSG 4B1.5* by Jonathan Tyler Prive re 89 Sentencing. (Brodersen, Daniel) (Entered: 04/21/2015) |
| 04/22/2015 | 95 | Minute Entry for proceedings held before Judge John Antoon II: SENTENCING held on 4/22/2015 for Jonathan Tyler Prive on Count 2 - Imprisonment: 365 months; Deft. is remanded to the custody of the U.S. Marshal. Supervised release: Life; Mandatory drug testing requirements are waived. Special conditions of supervised release: Deft. shall be prohibited from incurring new credit charges, opening additional lines of credit, etc. and provide probation officer access to any requested financial information. Sex offender conditions: Participate in a sexual offender mental health treatment program; No contact with minor children; Media and computer restrictions imposed; Register with all sex offender registries as required by law; Submit to a search of your person, residence, place of business, etc.; Cooperate in the collection of DNA. Fine: Waived; Special assessment: $100.00. Count 1 of the Indictment is Dismissed. Court Reporter: Diane Peede (DJD) (Entered: 04/23/2015) |
| 04/26/2015 | 96 | MOTION for miscellaneous relief, specifically For an Order Directing the U.S. Marshal's Service to Transfer Custody of Defendant to State Authorities by Jonathan Tyler Prive. (Brodersen, Daniel) (Entered: 04/26/2015) |

Page: 9 of 74      Date Filed: 08/10/2015      Document: 25      USCA11 Case: 15-12032

| 04/27/2015 | 97 | MOTION for miscellaneous relief, specifically For an Order Directing the Government to Preserve Evidence by Jonathan Tyler Prive. (Brodersen, Daniel) (Entered: 04/27/2015) |
|---|---|---|
| 04/27/2015 | 98 | **JUDGMENT as to Jonathan Tyler Prive - Count 1 is Dismissed; Count 2 - Imprisonment: 365 months; Deft. is remanded to the custody of the U.S. Marshal. Supervised release: Life; Mandatory drug testing requirements are waived. Special conditions of supervised release: Deft. shall be prohibited from incurring new credit charges, opening additional lines of credit, etc. and provide probation officer access to any requested financial information. Sex offender conditions: Participate in a sexual offender mental health treatment program; No contact with minor children; Media and computer restrictions imposed; Register with all sex offender registries as required by law; Submit to a search of your person, residence, place of business, etc.; Cooperate in the collection of DNA. Fine: Waived; Special assessment: $100.00. Signed by Judge John Antoon II on 4/27/2015. (DJD) CTP** (Entered: 04/27/2015) |
| 04/27/2015 | 99 | STATEMENT OF REASONS as to Jonathan Tyler Prive. E-copies made available to selected parties. (DJD) (Entered: 04/27/2015) |
| 04/27/2015 | 100 | **MEMORANDUM ORDER regarding sentencing factors as to Jonathan Tyler Prive. Signed by Judge John Antoon II on 4/27/2015. (DJD)** (Entered: 04/27/2015) |
| 05/05/2015 | 101 | NOTICE OF APPEAL by Jonathan Tyler Prive re 100 Order, 98 Judgment Filing fee not paid. (Brodersen, Daniel) (Entered: 05/05/2015) |
| 05/05/2015 | 102 | TRANSMITTAL of initial appeal package as to Jonathan Tyler Prive to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 101 Notice of Appeal. Eleventh Circuit Transcript information form forwarded to pro se litigants and available to counsel at www.flmd.uscourts.gov under Forms and Publications/General. (IGC) (Entered: 05/05/2015) |
| 05/12/2015 | | USCA Case Number 15-12032 for 101 Notice of Appeal filed by Jonathan Tyler Prive. (LAK) (Entered: 05/12/2015) |
| 05/19/2015 | 103 | TRANSCRIPT information form filed by Jonathan Tyler Prive for proceedings held on August 27, 2014, January 22, 2015, April 15, 2015, and April 22, 2015 before Judge Spalding and Antoon re 101 Notice of Appeal. USCA number: 15-12032 (Attachments: # 1 Supplement CJA 24)(Brodersen, Daniel) (Entered: 05/19/2015) |
| 05/26/2015 | 104 | COURT REPORTER ACKNOWLEDGEMENT by Sandy Tremel re 101 Notice of Appeal as to Jonathan Tyler Prive. Estimated transcript filing date: 6-25-15. USCA number: 15-12032. (SKT) (Entered: 05/26/2015) |
| 05/26/2015 | 105 | **ENDORSED ORDER directing USA to respond to 97 MOTION for miscellaneous relief, specifically For an Order Directing the Government to Preserve Evidence as to Jonathan Tyler Prive. Responses due by 6/4/2015. Signed by Judge John Antoon II on 5/26/2015. CTP(DJD)** (Entered: 05/26/2015) |
| 06/02/2015 | 106 | COURT REPORTER ACKNOWLEDGEMENT by Koretta Stanford re 101 Notice of Appeal as to Jonathan Tyler Prive. Estimated transcript filing date: 7/2/15. USCA number: 15-12032. (KS) (Entered: 06/02/2015) |
| 06/04/2015 | 107 | RESPONSE to Motion re 97 MOTION for miscellaneous relief, specifically For an Order Directing the Government to Preserve Evidence by USA as to Jonathan Tyler Prive (Searle, Andrew) (Entered: 06/04/2015) |
| 06/09/2015 | 108 | COURT REPORTER ACKNOWLEDGEMENT by Diane Peede re 101 Notice of Appeal as to Jonathan Tyler Prive. Estimated transcript filing date: 7/2/15. USCA number: 15-12032. (DP) (Entered: 06/09/2015) |
| 06/09/2015 | 109 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal as to Jonathan Tyler Prive. Court Reporter: Sandy Tremel (SKT) (Entered: 06/09/2015) |
| 06/09/2015 | 110 | NOTICE FILED IN ERROR. Modified on 6/9/2015 (GJS). (Entered: 06/09/2015) |
| 06/09/2015 | 111 | NOTIFICATION that transcript has been filed by Sandy Tremel re: 101 Notice of Appeal as to Jonathan Tyler Prive USCA number: 15-12032-CA (SKT) (Entered: 06/09/2015) |
| 06/18/2015 | 112 | **ORDER granting 97 Motion for an Order Directing the Government to Preserve Evidence as to Jonathan Tyler Prive (1); ordering the Government to preserve all evidence in this case until the conclusion of Defendant's state case and any appellate proceedings. Signed by Judge John Antoon II on 6/17/2015. (HV)** (Entered: 06/18/2015) |
| 06/19/2015 | 113 | **ENDORSED ORDER denying as moot 96 Motion for order directing the U.S. Marshal's service to transfer custody of defendant to State authorities as to Jonathan Tyler Prive. The Court has been informed by the U.S. Marshal that the defendant was released to state custody at the Brevard County Jail on May 11, 2015. Signed by Judge John Antoon II on 6/19/2015. (DJD)** (Entered: 06/19/2015) |
| 06/25/2015 | 114 | TRANSCRIPT of the continuation of the sentencing (Vol. II) for the date of 4/22/15 held before Judge John Antoon II, re: 101 Notice of Appeal as to Jonathan Tyler Prive. Court Reporter/Transcriber Diane Peede, FlaDiane@att.net, telephone number (407) 615-0305. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through |

| | | |
|---|---|---|
| | | PACER or purchased through the Court Reporter. Redaction Request due 7/16/2015, Redacted Transcript Deadline set for 7/27/2015, Release of Transcript Restriction set for 9/23/2015. (DP) (Entered: 06/25/2015) |
| 06/25/2015 | 115 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT (Doc. No. 114). The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal as to Jonathan Tyler Prive. Court Reporter: Diane Peede (DP) (Entered: 06/25/2015) |
| 06/25/2015 | 116 | NOTIFICATION that transcript has been filed by Diane Peede re: 101 Notice of Appeal as to Jonathan Tyler Prive USCA number: 15-12032 (DP) (Entered: 06/25/2015) |
| 06/30/2015 | 117 | TRANSCRIPT of Motion/Evidentiary Hearing for date of 01/22/15 held before Judge John Antoon II, re: 101 Notice of Appeal as to Jonathan Tyler Prive. Court Reporter/Transcriber Koretta Stanford, Telephone number 407-872-1715. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 7/21/2015, Redacted Transcript Deadline set for 7/31/2015, Release of Transcript Restriction set for 9/28/2015. (KS) (Entered: 06/30/2015) |
| 06/30/2015 | 118 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT, Doc. 117. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal as to Jonathan Tyler Prive. Court Reporter: Koretta Stanford (KS) (Entered: 06/30/2015) |
| 06/30/2015 | 119 | NOTIFICATION that transcript has been filed by Koretta Stanford re: 101 Notice of Appeal as to Jonathan Tyler Prive USCA number: 15-12032 (KS) (Entered: 06/30/2015) |
| 07/02/2015 | 120 | TRANSCRIPT of sentencing volume 1 for dates of 4-15-15 held before Judge John Antoon II, re: 101 Notice of Appeal as to Jonathan Tyler Prive. Court Reporter/Transcriber Sandy Tremel, Telephone number 407-288-6343, sandy.tremel@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 7/23/2015, Redacted Transcript Deadline set for 8/3/2015, Release of Transcript Restriction set for 9/30/2015. (SKT) (Entered: 07/02/2015) |
| 07/02/2015 | 121 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal as to Jonathan Tyler Prive. Court Reporter: Sandy Tremel (SKT) (Entered: 07/02/2015) |
| 07/06/2015 | | Mail returned as Undeliverable re: 112 Order on Motion for Miscellaneous Relief. Mail resent to Jonathan Tyler Prive at Brevard County Jail Complex. See Order #113. (JET) (Entered: 07/07/2015) |

### PACER Service Center

#### Transaction Receipt

| | 08/10/2015 09:04:46 | | |
|---|---|---|---|
| PACER Login: | dannylaw1172:4395029:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 6:14-cr-00033-JA-KRS |
| Billable Pages: | 12 | Cost: | 1.20 |

Page: 11 of 74          Date Filed: 08/10/2015          Document: 25          USCA11 Case: 15-12032

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2014 FEB 19  PM 4: 02

UNITED STATES OF AMERICA

v.

JONATHAN TYLER PRIVE

CASE NO. 6:14-cr-33-Orl-36-KRS
18 U.S.C. § 2422(b)
18 U.S.C. § 2428 - Forfeiture

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

Beginning on or about September 9, 2013, and continuing through and including on or about September 10, 2013, in Brevard County, Florida, in the Middle District of Florida, and elsewhere,

**JONATHAN TYLER PRIVE,**

the defendant herein, using a facility and means of interstate commerce, that is, the Internet and cell phone, did knowingly persuade, induce, entice and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person could be charged with a criminal offense under the laws of the State of Florida law, that is, Lewd or lascivious molestation and conduct, violations of Section 800.04, Florida Statutes, and Sexual battery, a violation of Section 794.011, Florida Statutes.

All in violation of Title 18, United States Code, Section 2422(b).

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 12 of 74

## COUNT TWO

Beginning on or about November 4, 2013, and continuing through and including on or about November 5, 2013, in Brevard County, Florida, in the Middle District of Florida, and elsewhere,

### JONATHAN TYLER PRIVE,

the defendant herein, using a facility and means of interstate commerce, that is, the Internet and cell phone, did knowingly attempt to persuade, induce, entice and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person could be charged with a criminal offense under the laws of the State of Florida law, that is, Lewd or lascivious molestation and conduct, violations of Section 800.04, Florida Statutes, and Sexual battery, a violation of Section 794.011, Florida Statutes.

All in violation of Title 18, United States Code, Section 2422(b).

## FORFEITURE

1.     The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to provisions of Title 18, United States Code, Section 2428.

2.     From his engagement in violations alleged in Counts One and Two of this Indictment, the defendant, **JONATHAN TYLER PRIVE**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, all of his interest in:

2

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 13 of 74

a.    Any property, real or personal, that was used to commit or facilitate the commission of such violation; and

b.    Any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly. as a result of such violation.

3.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code,

Section 2253(b), to seek forfeiture of any other property of said defendant up to the

value of the above forfeitable property.

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
Andrew C. Searle
Assistant United States Attorney

By: _____
Carlos A.   Perez-Irizarry
Assistant United States Attorney
Chief, Orlando Division

4

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
### Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

JONATHAN TYLER PRIVE

## INDICTMENT

Violations:

18 U.S.C. § 2242(b)

A true bill,

_____
Foreperson

Filed in open court this 19th day

of February, 2014.

_____
Clerk

Bail $ _____

AF Approval _ANG_                                      Chief Approval _OI_

USCA11 Case: 15-12032    Document: 25    Date Filed: 08/10/2015    Page: 16 of 74

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                       CASE NO. 6:14-cr-33-Orl-28KRS

JONATHAN TYLER PRIVE

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A.
Lee Bentley, III, United States Attorney for the Middle District of Florida, and the
defendant, JONATHAN TYLER PRIVE, and the attorney for the defendant, Jose
Rodriguez, mutually agree as follows:

**A.     Particularized Terms**

1.     Count Pleading To

The defendant shall enter a plea of guilty to Count Two of the
Indictment.  Count Two charges the defendant with attempted enticement of a
minor, in violation of 18 U.S.C. § 2422(b).

2.     Minimum and Maximum Penalties

Count Two is punishable by a mandatory minimum term of
imprisonment of 10 years up to life, a fine of up to $250,000, a term of supervised
release of at least 5 years up to life, and a special assessment of $100 per felony
count.  With respect to certain offenses, the Court shall order the defendant to
make restitution to any victim of the offenses, and with respect to other offenses,

Defendant's Initials _JP_



USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 17 of 74

the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3.   Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count Two are:

First:      the Defendant knowingly attempted to persuade, induce, entice or coerce an individual to engage in sexual activity;

Second:     the Defendant used the Internet or cellphone to do so;

Third:      when the Defendant did these acts, the victim was less than 18 years old; and,

Fourth:     one or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the law of Florida.

4.   Count Dismissed

At the time of sentencing, the remaining count against the defendant, Count One, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials                     2



USCA11 Case: 15-12032    Document: 25    Date Filed: 08/10/2015    Page: 18 of 74

6.    <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. §§ 2248 and 2259, defendant agrees to make full restitution to the minor victim.

7.    <u>Mandatory Restitution to Victims of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court.  Further, pursuant to 18 U.S.C. § 3364(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

8.    <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted,





the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2428, whether in the possession or control of the United States, the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, the following: an Acer Aspire

Defendant's Initials                     4



USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 20 of 74

laptop computer, serial number LUS050B13384523F592535, which was used to facilitate the criminal activity charged in the indictment.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is

Defendant's Initials                     5



omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed

Defendant's Initials _____   6

USCA11 Case: 15-12032    Document: 25    Date Filed: 08/10/2015    Page: 22 of 74

beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

4.    <u>Abandonment of Property - Computer Equipment</u>

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Brevard County Sheriff's Office and Homeland Security Investigations or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§

Defendant's Initials                     7



2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he/she is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: an Acer Aspire laptop computer, serial number LUS050B13384523F592535.

5.    <u>Sex Offender Registration and Notification</u>

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places

Defendant's Initials                  8



at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

      6.    <u>Removal - Notification</u>

      The defendant has been advised and understands that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, the offense to which defendant is pleading guilty may be a removable offense.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that may result from the defendant's guilty plea, even if the consequence is the defendant's automatic removal from the United States following completion of the defendant's sentence.

Defendant's Initials        9



USCA11 Case: 15-12032   Document: 25   Date Filed: 08/10/2015   Page: 25 of 74

**B.**     **Standard Terms and Conditions**

1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

2.     Supervised Release

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon

Defendant's Initials                           10

release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit

Defendant's Initials 

11

reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report

Defendant's Initials                     12

prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence

Defendant's Initials                     13



USCA11 Case: 15-12032    Document: 25    Date Filed: 08/10/2015    Page: 29 of 74

violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is

Defendant's Initials                     14



pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth

Defendant's Initials                     15

in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 26th day of August, 2014.

A. LEE BENTLEY, III
United States Attorney

_____
JONATHAN TYLER PRIVE
Defendant

_____
Andrew C. Searle
Assistant United States Attorney

_____
Jose Rodriguez
Attorney for Defendant

_____
Carlos A. Perez-Irizarry
Assistant United States Attorney
Chief, Orlando Division

Defendant's Initials _____          16

Page: 32 of 74        Date Filed: 08/10/2015        Document: 25        USCA11 Case: 15-12032

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:14-cr-33-Orl-28KRS

JONATHAN TYLER PRIVE

### FACTUAL BASIS[1]

Beginning on or about November 4, 2013, and continuing through and including on or about November 5, 2013, in Brevard County, Florida, in the Middle District of Florida, and elsewhere, the defendant, JONATHAN TYLER PRIVE ("PRIVE"), used the internet, a facility and means of interstate commerce, in an attempt to persuade, induce, entice, and coerce a three year old female child ("the minor victim") to engage in sexual activity for which any person could be charged with a criminal offense under the laws of the State of Florida, that is, Lewd or Lascivious Battery, a violation of Florida State Stat. § 800.04.   The minor victim is the daughter of another individual ("the other individual").  On a prior occasion in September of 2013, PRIVE and the other individual participated in the sexual abuse of the minor victim at the other individual's home in Brevard County.[2]  The actions of PRIVE and the other individual came to light as a result of a joint investigation conducted by the Brevard County Sheriff's Office ("BCSO")

---

[1] The factual basis is prepared by the United States and does not include all of the facts relevant to the defendant's involvement in the crime to which the defendant is pleading guilty and other illegal activities in which the defendant may have been involved.

[2] The other individual is currently charged with federal offenses under Middle District of Florida Case No. 6:14-cr-34-ORL-28DAB.

Defendant's Initials                  17

and the Cocoa Beach office of the Department of Homeland Security ("DHS"),
Homeland Security Investigations ("HSI"), which is set forth, in part and
substance, below.

In September and October of 2013, an HSI Task Force Agent acting in an
undercover capacity ("the UC agent") conducted an investigation into the other
individual which revealed that the other individual was sexually abusing the minor
victim, producing child pornography images of the minor victim, and distributing
some of these child pornography images to others, via the internet.  Agents
eventually identified the other individual's residence in Brevard County where
they ultimately arrested the other individual and executed a search warrant.
Agents also forensically examined the electronic devices seized from the other
individual's residence and gained access to his email accounts with his
permission.   A review of the other individual's electronic devices and email
accounts revealed communication between the other individual and PRIVE,
using their respective email accounts, regarding their prior sexual abuse of the
minor victim as well as their plans to continue sexually abusing the minor victim
at a date in the future.  Some of these emails are described, in substance and
part, below[3]:

On September 9, 2013, PRIVE asked the other individual: "can I see a pic
of your little one?"  The other individual responded by sending PRIVE a
photograph of the minor victim with clothing on a child's bike and stated: "Ya a G

---

[3] The portions of the factual basis that are in quotation marks are direct quotes from these emails.
Any spelling or grammatical errors in quotation marks were contained in the emails themselves.

Defendant's Initials                     18

rated on lol! Tell me what u would do in your fantasy. Thereafter, PRIVE sent the other individual the following email:

> PRIVE: "In my fantasy I'd sit on the couch with a girl on my lap and slide my fingers into her little panties and finger her clit while we watched cartoons. Then I'd undress her once she was wet and wiggling her hips and sit with my cock between her thighs and rub it up and down her little cunt while she held the tip. Then when the cartoon was done I'd take her to the bedroom to play. I'd have her lick and suck on the tip while she laid on my chest and I played with her tight little butt. I'd use a whole bunch of lube and play with her ass until she was loose enough to slip my pinky inside. Then I'd finger her while she held my cock and played with it. Want to hear more? Tell me what new stuff you've with her in your fantasies and I'll go on."

On September 10, 2013, the email exchange continued as follows:

> The other individual: "Would luv to watch that. Tried using my pinky to finger her and tried a vibrating toothbrush."

> PRIVE: "How did it work? How far did you get with it?
>
> After fingering her for long enough to get her nice and loose. I'd add another finger and keep going while she laid on my stomach, panting, and squirming. Then when she couldn't take it anymore, I'd lay her on her back and slide the head of my cock up and down her little cunt, getting it all wet and slippery with pre cum. I'd push the head tight against her little cunt and shoot it inside her, filling her up."

> The other individual: "I am so hard after that! Wow!"

> PRIVE: "Glad you liked it. lol"

> PRIVE: "you thinking of taking another shot at a getting together?"

Defendant's Initials _____   19

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 35 of 74

| The other individual: | "Yes I am. I would really like to chat live about our fantasies. Wife at work and kids r at grandmas so they will not be here to bother us or keep us from our fantasies. If u do cum over you wont be sorry!" |
| PRIVE: | "I wont be sorry? What did you have in mind?" |
| The other individual: | "Was thinking we could fantasize and maybe jo while we talk about what we like? Maybe trade good porn you know. You would not be sorry if u cum over!" |
| The other individual: | "U would have fun 4 sure!" |
| PRIVE: | "how long are your wife and the kids gone?" |
| The other individual: | "Must be soon though cuz she wont be working very late tonight.  We r waiting 4 your response." |
| PRIVE: | "you just said "we" are waiting. Who is "we"?" |
| The other individual: | "Till about 8ish so if u came now + drive time we could have about a solid hour to play at least." |
| The other individual: | "Royal we. Remember neither of us want to do anything in our fantasies for real right? So we will fantasize another being here but no real contact. But if u cum over u wont be sorry!" |

After this PRIVE sent the other individual numerous emails requesting the other individual's address and the other individual eventually sent PRIVE his address which was in Brevard County.  PRIVE and the other individual then exchanged emails agreeing to meet and provided each other with names. PRIVE referred to himself as "John," and the other individual referred to himself

Defendant's Initials _____                              20

as "Mitch."

On September 10, 2013, at 6:24 p.m., PRIVE sent the other individual an email stating: "Okay mitch. I'm on my way."        There were no further emails between them until 8:04 p.m., when the following email exchange took place

| The other individual: | "Hey John email me when u get home!" |
|---|---|
| PRIVE: | "home now." |
| The other individual: | "Man! That was so fucking hot watching u with my daughter!  Did u enjoy?" |
| PRIVE: | "Hell yeah. I wish that we had more time though. (and more lube too. Lol) Then we could have tried some other things." |
| The other individual: | "I wish we had more time too. Fri night maybe? So what do u wanna do to her with lube?" |
| The other individual: | "Dude my dick is gonna be hard for a month after seeing that!  Especially when you came all over my baby daughter fuck yeah! Use her!" |
| PRIVE: | "I'd want to try doing what I told you about in my story And I think we'd need to put down a towel or something for the grand finale. You saw how much I cum. lol" |
| The other individual: | "I love how much u cum! She may resist and cry so u may have to be ok with that but I would luv to help u fuck her!" |
| PRIVE: | "We'd be gentle of course, but yeah, it would be okay. And you may want to think about your boy some more. He seemed pretty smart, and putting him in his room every time will make him mad and ask questions or talk about how you're being mean and sending him to his room all the time. lol" |

From September 11, 2013 through October 11, 2013 (the date agents

Defendant's Initials _____

21

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 37 of 74

arrested the other individual), PRIVE continued to discuss with the other individual the following topics in emails: (1) PRIVE's sexual abuse of the minor victim from the date described above; (2) plans to meet at the other individual's home when the other individual's wife was away; and (3) in graphic and disturbing detail their plans to engage in sexual activity with the minor victim in the their future meetings, including plans to penetrate the minor victim's vagina and anus.

On October 11, 2013, before the agents arrested the other individual, the other individual asked PRIVE to come over but PRIVE was unable to during the time-frame when the other individual's wife was away from the home.  The last emails between PRIVE and the other individual before the other individual was arrested are as follows:

| | |
|---|---|
| PRIVE: | "That really sucks. I cant get there by then and still have enough time to help you finger her and fill her with cum. Think maybe I could have a couple naughty pics of her little holes spread open for me?" |
| The other individual: | "Wife came home and spoiled my fun :( After that    close call situation I don't send pics of her anymore." |

After agents arrested the other individual and discovered the above-mentioned emails between PRIVE and the other individual, the UC agent, posing as the other individual, used the other individual's email account to initiate online communication with PRIVE.  On November 4, 2013, the following email exchange took place:

Defendant's Initials _____                    22

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 38 of 74

| | |
|---|---|
| UC[4]: | "hey it's playtime, you interested again?" |
| PRIVE: | "Hey. Just got your message. What did you have in mind?" |
| PRIVE: | "Have you done anything new since last time?" |
| UC: | "not since you came over, that was hot. wife is in school tomorrow." |
| PRIVE: | "oh yeah? What time does she leave and what do you want to do this time?" |
| UC: | "Cool she leaves at about 9, up to you that was so hot i couldn't stop thinking about last time. the baby girl will be here too." |
| PRIVE: | "Is that 9 in the morning or at night?" |
| UC: | "in the morning." |
| PRIVE: | "I'd love to pop her cherry and put fingers in both her holes before filling her little cunt with cum :)" |
| UC: | "that be so hot see that happen to my 3yo baby girl. wife won't be home till like five, mmmmm." |
| PRIVE: | "Lots of time to play ;) What's your address again? I cant find the message that had it in there." |
| UC: | "you have to let me know when your coming wife will kill me if she is here." |
| PRIVE: | "I'd like to come at about 10:30 or 11, that way we have plenty of time to play with your daughter and fill her holes up with fingers and cum ;)" |
| UC: | "so hot im in [at this point in the email exchange, the UC agent provided PRIVE with the street and city in |

---

[4] Where the UC agent is referenced in these email exchanges with PRIVE, the UC was communicating with PRIVE using one of the other individual's email accounts and pretending to be the other individual.

Defendant's Initials _____     23

|  | Brevard County where the other individual lived], can you hit me up in the morning so i'll know your cumming like before." |
|---|---|
| PRIVE: | "Sounds good :) I'm looking forward to seeing how far we can stretch her out and how much cum we can put in her ;) |
| UC: | "mmmmm hot, hit me up in the morning and i'll let you know the wife is gone she should be home soon." |
| PRIVE: | "okay :)" |
| UC: | "talk to you then." |

On November 5, 2013, at approximately 9:16 a.m., the UC sent PRIVE an email stating: "hey she just left, if you haven't changed her mind." At 9:26 a.m., the UC corrected the prior email, sending one that stated: "your." At approximately 9:55 a.m., an HSI agent conducting surveillance at PRIVE's residence in Brevard County observed PRIVE exit his residence and walk to a nearby McDonalds while carrying a small netbook computer and a cell phone. PRIVE sat at a table outside the McDonalds, opened up the computer, and started typing. While HSI agents conducted surveillance of PRIVE typing on his computer at the McDonalds, the UC agent had the following email exchange with him:

|  |  |
|---|---|
| PRIVE: | "Yeah I'm still interested in coming over. What's the address? And are you sure she wont be coming back for lunch or anything?" |
| UC: | "no she brought her lunch great what time you going to be here." |
| PRIVE: | "I can be there in about 45 minutes if you give the address again. And do I need to bring some lube, or |

Defendant's Initials _____     24

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 40 of 74

|        | do you have some?"                                                                                                                                                                                                 |
|--------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| UC:    | "for the baby girl yeah i'm about out. [at this point in the email exchange, the UC agent provided PRIVE with the other individual's exact address in Brevard County]                                               |
| PRIVE: | "okay. I'll be there at about 11:20."                                                                                                                                                                              |
| UC:    | "ok bro i'll put her in the tub."                                                                                                                                                                                  |

After these emails, an HSI agent observed PRIVE close his computer and return to his home with his computer and cell phone at 10:30 a.m. At approximately 10:41 a.m., PRIVE exited his residence, got on his motorcycle, and drove away. HSI agents in vehicles and the BCSO Air Unit followed PRIVE as he drove to the street in Brevard County where the other individual's residence was located. At approximately 11:30 a.m., BCSO Agents stopped PRIVE on his motorcycle and later recovered from the saddle bag of the motorcycle a packet of lubricant.

After PRIVE was stopped, the UC agent approached PRIVE and identified himself as a law enforcement officer. The UC agent advised PRIVE of his Miranda rights and PRIVE agreed to waive his rights and speak to law enforcement. PRIVE also signed a Miranda rights waiver form. After PRIVE agreed to speak, he was interviewed by agents. At the outset of the interview, PRIVE admitted that he was the user of the email account that was in communication with the other individual's email account regarding the sexual abuse of the minor victim as set forth above. PRIVE eventually admitted to the following in his interview with agents:

Defendant's Initials                     25

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 41 of 74

- PRIVE met the other individual online after the other individual responded to an online Craigslist advertisement PRIVE posted regarding bondage and sadomasochistic ("BDSM") sexual interests.

- PRIVE and the other individual exchanged emails regarding BDSM.

- PRIVE went to the other individual's home one time to continue their conversations about BDSM.

- The other individual's son and daughter (the minor victim) were at the residence when PRIVE came over.

- PRIVE and the other individual entered the other individual's bedroom with the minor victim while the other individual's son remained in the living room.

- Once inside the bedroom, the other individual lifted the child's dress, rubbed the child between her legs, and "spread her open."

- Both PRIVE and the other individual removed their penises.

- PRIVE rubbed his penis against the minor victim's vagina.

- PRIVE also placed his penis into the child's mouth and touched the child's vagina with his hand.

- PRIVE ejaculated on the minor victim's stomach and the other individual licked the semen off the victim.

- At some point, the other individual rubbed his penis in the child's vagina.

- After this, the other individual dressed the child in a white dress.

- Regarding his intentions in travelling to the other individual's residence in Brevard County on November 5, 2013, PRIVE admitted that he planned to participate in the sexual abuse of the minor victim a second time.

- He used his netbook computer to communicate with the other individual and that the computer was at his residence (later identified to be an Acer Aspire laptop computer, serial number LUS050B13384523F592535).

Defendant's Initials                     26

USCA11 Case: 15-12032    Document: 25    Date Filed: 08/10/2015    Page: 42 of 74

After PRIVE made these and other statements to law enforcement, he was arrested and agents executed a search warrant at his residence where they seized several electronic devices, including a Kindle device labeled "Jon's Kindle." A forensic examination of the Kindle device revealed that the following material was contained on the device:

- Portions of the emails sent back and forth between PRIVE and the other individual's email account, including some of the emails on November 4, 2013 when the UC was posing as the other individual.

- Evidence that the computer had been used to connect to the wireless service at the McDonalds where agents observed PRIVE communicating with the UC.

- Recent search terms consistent with an interest in child pornography: "pthc 4yo 5yo 6yo 7yo 8yo 9yo" while the user of the computer visited the website "fileshut.com."

- Google map searches for the other individual's address in Brevard County.

- Five videos of child pornography that had been deleted and were located in the unallocated space on the computer.

Pursuant to a search warrant, agents also acquired email content records from the service provider for the email account PRIVE used in the above-described communications with the other individual and the UC. The email content records from the service provider included above-described emails between PRIVE and the other individual's email address.

Defendant's Initials _____    27

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 43 of 74

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### UNITED STATES OF AMERICA

vs

### JONATHAN TYLER PRIVE

**Case Number: 6:14-cr-33-Orl-28KRS**

**USM Number: 60386-018**

**Daniel Newton Brodersen, CJA**
**533 N. Magnolia Ave**
**Orlando, FL 32801**

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count Two of the Indictment.  Accordingly, the Court has adjudicated the defendant guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | Attempted Enticement of a Minor | November 5, 2013 | Two |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count One of the Indictment is dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

April 22, 2015

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

April 2 7, 2015

Jonathan Tyler Prive
6:14-cr-33-Orl-28KRS

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 365 Months

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
                                              UNITED STATES MARSHAL

By: _____
                          Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Jonathan Tyler Prive
6:14-cr-33-Orl-28KRS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Life.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**Jonathan Tyler Prive**
**6:14-cr-33-Orl-28KRS**

Page: 46 of 74    Date Filed: 08/10/2015    Document: 25    USCA11 Case: 15-12032

10.    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.    The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12.    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.    The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the probation officer. The defendant shall provide the probation officer access to any requested financial information.

2.    The defendant shall participate in a mental health program specializing in sex offender treatment and submit to polygraph testing for treatment and monitoring purposes. The defendant shall follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

3.    The defendant shall register with the state sexual offender registration agency(s) in any state where he or she resides, visits, is employed, carries on a vocation, or is a student, as directed by the probation officer. The probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

4.    The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc.

5.    The defendant is prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.

6.    The defendant shall not possess or use a computer with access to any online service at any location (including employment) without written approval from the probation officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network system. The defendant shall permit routine inspection of his or her computer system, hard drives, and other medial storage materials, to confirm adherence to this condition. This inspection shall be no more intrusive than is necessary to ensure compliance with this condition. The defendant shall inform his or her employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of the condition.

7.    The defendant shall submit to a search of his or her person, residence, place of business, any storage units under the defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Jonathan Tyler Prive
6:14-cr-33-Orl-28KRS

8.    The defendant shall cooperate in the collection of DNA, as directed by the probation officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|:---:|:---:|:---:|
| $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

The Special Assessment in the amount of **$100.00** is due in full and immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Page: 48 of 74

Date Filed: 08/10/2015

Document: 25

USCA11 Case: 15-12032

```
 1              UNITED STATES DISTRICT COURT

 2              MIDDLE DISTRICT OF FLORIDA

 3                  ORLANDO DIVISION

 4           Docket No. 6:14-cr-33-Orl-28KRS

 5


 6   . . . . . . . . . . . . . . ..

 7   UNITED STATES OF AMERICA    :
                                 :
 8              Plaintiff        :     Orlando, Florida
                v.               :     August 27, 2013
                                 :     9:33 a.m.
 9   JONATHAN TYLER PRIVE         :
                                 :
10              Defendant        :
     . . . . . . . . . . . . . . .

11

12

13           TRANSCRIPT OF CHANGE OF PLEA

14      BEFORE THE HONORABLE KARLA R. SPAULDING

15           UNITED STATES MAGISTRATE JUDGE

16

17   APPEARANCES:

18

19   For the Plaintiff:        Andrew Searle

20

21   For the Defendant:        Jose Rodriguez

22

23

24   Proceedings recorded by tape-recording, transcript produced

25   by computer-aided transcription.
```

USCA11 Case: 15-12032    Document: 25    Date Filed: 08/10/2015    Page: 49 of 74

1                       P R O C E E D I N G S

2              THE DEPUTY CLERK:   Case number

3    6:14-CR-33-Orl-28KRS, United States of America v. Jonathan

4    Tyler Prive.

5          Counsel, please state your appearances for the record.

6              MR. SEARLE:   Good morning, Your Honor.   For the

7    United States, Andrew Searle.

8              THE COURT:   Good morning.

9              MR. RODRIGUEZ:   Good morning.   Jose Rodriguez on

10   behalf of Jonathan Prive seated to by left.

11             THE COURT:   Good morning.

12        I understand Mr. Prive wishes to plead guilty to count

13   two of the indictment pursuant to a plea agreement?

14             MR. RODRIGUEZ:   That's correct, Your Honor.

15             THE COURT:   All right.   Sir, I'm not the judge who

16   will sentence you if you plead guilty.   I'm a magistrate

17   judge.   I can conduct a guilty plea proceeding with your

18   permission.   I have a document signed by you indicating that

19   you agree to let me do that.   Is that right?

20             THE DEFENDANT:   That's right, Your Honor.

21             THE COURT:   What I'm going to do is have you

22   placed under oath and ask you some questions.   The first

23   group of questions will be designed to make sure you

24   understand what the proceeding is about.   Then I'll talk to

25   you about what the government would have to prove before you

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 50 of 74

1  could be found guilty of the charge to which you wish to

2  plead guilty.  We will go over the penalties you face and

3  the rights you lose if you plead guilty.  I'll also talk

4  about the promises in the plea agreement.  At the end I'm

5  going to ask you about what you did to make sure your

6  conduct violates the crimes for which you wish to plead

7  guilty.

8      Because you will be under oath, if anything you tell me

9  is not completely truthful, you could be separately

10  prosecuted for perjury or making a false statement.  And

11  anything you tell me here today could be used against you in

12  that prosecution.  So if you do not understand something I

13  ask, please let me know.  I'll try to ask it more clearly.

14      Your lawyer will be here throughout the proceeding.

15  You can speak to him privately at any time.

16      We make a record of what occurs through a digital

17  recording which is the reason for the microphones, so if

18  you'll continue to answer my questions out loud rather than

19  nodding or shaking your head, we'll capture your answers.

20      Do you have any questions before I go further?

21          THE DEFENDANT:  Not at this time, Your Honor.

22          THE COURT:  All right.  You do not need to stand

23  but, raise your right hand; Mr. Jackson will place you under

24  oath.

25              (Defendant sworn)

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 51 of 74

1              THE DEFENDANT:  I do.

2              THE DEPUTY CLERK:  Please state your name for the

3    record.

4              THE DEFENDANT:  Jonathan Tyler Prive.

5              THE COURT:  Mr. Prive, have you ever been known by

6    any other name?

7              THE DEFENDANT:  No, ma'am.

8              THE COURT:  How old are you, sir?

9              THE DEFENDANT:  26, Your Honor.

10             THE COURT:  How far did you go in school?

11             THE DEFENDANT:  Some college, no finishing.

12             THE COURT:  You read, speak and understand

13   English?

14             THE DEFENDANT:  Yes, ma'am.

15             THE COURT:  Are you a citizen of the United

16   States?

17             THE DEFENDANT:  Yes, I am.

18             THE COURT:  The next questions are the ones to

19   make sure you're thinking clearly today.  First, have you

20   ever been under the care of a psychiatrist or a

21   psychologist?

22             THE DEFENDANT:  No, ma'am.

23             THE COURT:  Are you concurrently taking medicine

24   of any kind?

25             THE DEFENDANT:  No, I'm not.

USCA11 Case: 15-12032      Document: 25      Date Filed: 08/10/2015      Page: 52 of 74

1          THE COURT:  In the last two days have you had any

2     drugs, alcohol or medicine including anything over the

3     counter like aspirin?

4          THE DEFENDANT:  No.

5          THE COURT:  Is there anything interfering with

6     your ability to think clearly today?

7          THE DEFENDANT:  No, ma'am.

8          THE COURT:  All right.  I want to talk to you next

9     about the charge you propose to plead guilty to.  First,

10    have you had a chance to review the whole indictment with

11    your attorney?

12         THE DEFENDANT:  I have, Your Honor.

13         THE COURT:  Count two alleges that beginning on or

14    about November 4 of 2013 and continuing through and

15    including on or about November 5 of 2013, in Brevard County,

16    Florida, in the Middle District of Florida and elsewhere,

17    that you using a facility and means of interstate commerce,

18    that is the Internet and the cell phone, did knowingly

19    attempt to persuade, entice, and coerce an individual who

20    had not attained the age of 18 years to engage in sexual

21    activity for which any person could be charged with a

22    criminal offense under laws of the State of Florida, that is

23    lewd or lascivious molestation and conduct, violations of

24    section 800.04, Florida statutes, and sexual battery, a

25    violation of section 794.011, Florida statutes.  That's

USCA11 Case: 15-12032   Document: 25   Date Filed: 08/10/2015   Page: 53 of 74

1    violation of Title 18 United States Code section 2422(b).

2         Before you could be found guilty of that offense, the

3    United States would have to prove beyond a reasonable doubt

4    that you knowingly attempted to persuade, induce, entice or

5    coerce an individual to engage in sexual activity.

6         Knowingly means you did it voluntarily, no one forced

7    you to do it.  They would have to prove that you used the

8    Internet or cell phone to do that.  That when you did these

9    acts the victim was less than 18 years old, and that one or

10   more of the individuals engaging in the sexual activity

11   could have been charged with a criminal offense under the

12   law of Florida.

13        You should know that the law in this circuit, the law

14   that governs this Court, says that the attempt to persuade,

15   induce, entice or coerce can be through what we call a

16   third-party intermediary, an adult who has some control over

17   the victim, doesn't have to be directly with the victim of

18   the offense.  Do you agree with that, Mr. Rodriguez.          .

19        MR. RODRIGUEZ:  Yes, that's the case law in this

20   circuit.

21        THE COURT:  Do you understand what would have to

22   be proved before you could be found guilty of that charge?

23        THE DEFENDANT:  Yes, I do.

24        THE COURT:  You have the right to have the full

25   indictment read.  I'm happy to read the rest of it to you or

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 54 of 74

1   you could waive or give up the reading if you've already

2   been through it.  Would you like me to read the rest of the

3   indictment for you?

4          THE DEFENDANT:  At this time I waive that reading,

5   Your Honor.

6          THE COURT:  All right.  Thank you.

7      I just want to get these Florida statutes up so I can

8   reference them if I need to.

9      Have you had enough time to talk with your attorney

10  about the charges and the forfeiture allegation in the

11  indictment?

12         THE DEFENDANT:  Yes, Your Honor, I have.

13         THE COURT:  Are you satisfied with his services

14  representing you in this case?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  Mr. Rodriguez, any question as to your

17  client's competency?

18         MR. RODRIGUEZ:  No, Your Honor.

19         THE COURT:  Any from the United States?

20         MR. SEARLE:  No, Your Honor.

21         THE COURT:  Mr. Prive, I find you are competent

22  which simply means able under the law to plead guilty if you

23  want to plead guilty, but you don't have to plead guilty.

24     I have a number of things I need to talk with you about

25  yet so if at any point you decide you do not want to plead

USCA11 Case: 15-12032    Document: 25    Date Filed: 08/10/2015    Page: 55 of 74

1   guilty, let me know, I'll stop this proceeding and the case

2   will go on as previously scheduled.

3        The next thing I want to talk to you about is the

4   reason you're proposing to plead guilty.

5        First, has anyone done anything you think is wrong or

6   unfair, threatened you in any way to get you to plead guilty

7   to this charge?

8            THE DEFENDANT:  No, Your Honor.

9            THE COURT:  Do you want to plead guilty because

10  you committed the crime or for some other reason?

11           THE DEFENDANT:  Because I committed the crime,

12  Your Honor.

13           THE COURT:  I have a document entitled, "Plea

14  Agreement."  I know you've seen it, but I'm going to ask

15  Mr. Jackson to hand it to you.  I just want to make sure

16  that is your plea agreement, that you have initialed every

17  page and any changes and signed it at the end.

18       Is that your plea agreement, Mr. Prive?

19           THE DEFENDANT:  Yes, Your Honor, it is.

20           THE COURT:  Is that the plea agreement of the

21  United States?

22           MR. SEARLE:  Yes, Your Honor.

23           THE COURT:  None of the judges of the court helped

24  to write the plea agreement, so it will be up to Judge

25  Antoon, who's the judge who will sentence you, to decide

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 56 of 74

1   whether or not to accept the terms of the plea agreement.

2      Did you read the plea agreement all the way through

3   before you signed it?

4         THE DEFENDANT:  I did.

5         THE COURT:  Did you talk to your lawyer about it

6   before you signed it?

7         THE DEFENDANT:  I did.

8         THE COURT:  Do you believe you understand the plea

9   agreement?

10         THE DEFENDANT:  Yes, I do.

11         THE COURT:  I'm not going to read the whole

12   document then, but I am going to go over the promises you

13   make to the United States and the promises the United States

14   makes to you.

15      When I'm done I'm going to ask you to think if there

16   are any other promises that didn't get written in the plea

17   agreement.

18      You agree to plead guilty to count two of the

19   indictment which is the attempted enticement of a minor to

20   engage in sexual activity that we talked about just a moment

21   ago.  If you are convicted of that offense you face a

22   mandatory minimum term of 10 years in jail up to the rest of

23   your life in jail, a fine of up to $250,000, a term of

24   supervised release of at least five years up to the rest of

25   your life and you would be required to pay a special

1   assessment of $100 at the time of sentencing.

2       In addition, the Court can order you to pay restitution

3   to the victim of the offense and you do under the plea

4   agreement agree to make full restitution to the minor

5   victim.  That amount would be determined at the time of

6   sentencing.

7       You also agree that if the victim's losses are not

8   ascertainable before the sentencing that you wouldn't oppose

9   bifurcation or a two-part sentencing hearing where

10  punishment might be decided at a time different from the

11  amount of restitution would be determined.

12      At the time of sentencing the United States agrees to

13  dismiss the remaining counts which is count one against you.

14  And if the Court accepts the plea agreement the United

15  States Attorney's Office for the Middle District of Florida

16  agrees not to charge you with committing any other federal

17  crime known to that office at the time you signed the plea

18  agreement that relates to the conduct underlying the

19  indictment and the plea agreement.

20      Judge Antoon is going to look at something called the

21  sentencing guidelines to help to decide what sentence you

22  should receive in this case.  He's required to look at the

23  guidelines.  He's not required to impose a sentence within

24  the guideline range.  However, on page 3 of the plea

25  agreement the United States indicates that it will recommend

1    that you be sentenced within the applicable guideline range

2    as determined by the Court.

3        Then there are some recommendations about how the

4    guideline should be computed starting at the bottom of

5    page 3.  It says, in the event there's no information

6    received suggesting this recommendation should not be made,

7    the United States will not oppose your request that you

8    receive a two level subtraction or downward adjustment in

9    the guidelines for acceptance of responsibility.  And then

10   over on page 4 if your offense level under the guidelines

11   before that two level -- first two level reduction is 16 or

12   higher, and you otherwise qualify including complying with

13   all the provisions of the plea agreement, then the United

14   States agrees to file a motion to get you a third level

15   subtraction or downward adjustment for acceptance of

16   responsibility.

17       Whether you qualify for that third level adjustment is

18   a decision made by the United States Attorney's Office not

19   by the Court.  So you agree if the U.S. attorney does not

20   file the motion for a third level reduction, you can't

21   challenge that decision in this court or any other court.

22   Also, those are just recommendations.  So if the judge does

23   not accept them you could not withdraw your guilty plea for

24   that reason.

25       Bottom of page 4 and continuing, you agree to forfeit

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 59 of 74

1    or give up to the United States money or property gained

2    during the offense or used during the offense.  This

3    specifically includes an Acer Aspire laptop computer which

4    was used to facilitate the criminal activity charged in the

5    indictment.

6        No cell phone forfeiture here, Mr. Searle?

7            MR. SEARLE:  No, Your Honor.

8            THE COURT:  Okay.  An argument could be made that

9    by taking property from you and then by sentencing you in

10   the case that that violates some laws and Constitutional

11   protections.  Under the plea agreement you are agreeing that

12   you're not going to argue that the forfeiture violates any

13   of your laws or Constitutional rights.

14       Have you had a chance to talk to Mr. Rodriguez about

15   what you're giving up there?

16           THE DEFENDANT:  I have, Your Honor.

17           THE COURT:  Are those rights you're willing to

18   give up?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  Bottom of page 7 and continuing, you

21   agree that the computer equipment that was seized from you

22   and is now in the custody of law enforcement was properly

23   seized and is subject to forfeiture and basically what that

24   means is you won't come back at a later point and argue that

25   the Acer Aspire laptop computer should not be seized and

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 60 of 74

```
 1   cannot be kept or destroyed by law enforcement.

 2        Page 8 notifies you that if you are convicted of this

 3   offense, then you will be required to comply with the Sex

 4   Offender Registration and Notification Act which is a

 5   federal law that we sometimes refer to as SORNA.  It

 6   requires that you register and keep your registration

 7   current in the place where you live, the place where you

 8   work, and if you're a student, the place where you are in

 9   school.

10        Failure to keep -- to register and keep your

11   registration current could subject you to another felony

12   offense.

13        Turning over to the bottom of page 11 there's a section

14   of the plea agreement that talks about financial disclosure

15   that I want to review with you.

16        I told you in order to or at least as a prerequisite

17   for the United States Attorney's Office to file a motion to

18   get you to the third level subtraction for acceptance of

19   responsibility, you had to comply with all the requirements

20   of the plea agreement, but this is one of the specific

21   sections that they point out in that paragraph.  Under the

22   section you agree to complete and submit to the United

23   States Attorney's Office within 30 days of signing the plea

24   agreement a truthful affidavit reflecting your financial

25   condition.
```

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 61 of 74

1    You agree to sign any documents you're asked to sign so

2  that the U.S. Attorney's' office can get information from

3  third parties to determine what money or property you may

4  hold or they may hold on your behalf.

5    You agree to let the U.S. Attorney's' office obtain

6  your tax returns for the last five years, obtain a current

7  credit report for you, and you also agree that the United

8  States Attorney's Office and the U.S. Probation Office can

9  share that financial information for purposes of doing their

10  respective jobs.

11    Bottom of page 13, top of page 14, talks about your

12  right to appeal from a mistake in your sentence.  And I want

13  to review that with you.  First, let me tell you that if you

14  plead guilty you are admitting for all time that you

15  committed the crime.  You give up any defenses or excuses

16  you may have and you give up any motions your lawyer has

17  filed or you have talked with him about filing and you give

18  up your right to come back to that court or go to another

19  court later on and argue that you should not have been found

20  guilty.

21    The right to come back to this court or go to another

22  court is called the right to appeal.  So if you plead guilty

23  you have no right to appeal from the finding that you are

24  guilty.

25    If you think the judge makes a mistake in the sentence

USCA11 Case: 15-12032   Document: 25   Date Filed: 08/10/2015   Page: 62 of 74

1   you receive, though, you usually do have the right to appeal

2   from that to go to the next higher court and ask that court

3   to correct a mistake.  Under the plea agreement you're

4   giving up some of your rights to take a direct appeal from

5   your sentence.  You can only appeal if the sentence is above

6   the guideline range as determined by the court.  If the

7   sentence is more than the maximum permitted by the law or if

8   the sentence violates the Eighth Amendment to the

9   Constitution, which is your protection against cruel and

10  unusual punishment, in addition, however, if the United

11  States appeals from your sentence, then you could appeal for

12  any reason.

13       Do you understand how that limits your right to appeal

14  from a mistake in your sentence?

15           THE DEFENDANT:  Yes, I do.

16           THE COURT:  And is that right you're willing to

17  give up?

18           THE DEFENDANT:  Yes, that is.

19           THE COURT:  The plea agreement tells you on

20  page 14 that it only binds the office of the United States

21  Attorney for the Middle District of Florida, not other

22  prosecutors, but the U.S. attorney agrees to bring your

23  cooperation, if any, to the attention of others if they're

24  asked to do that.

25       Those are all the promises written in the plea

```
 1    agreement.  Do you believe that anyone has made you any

 2    other promises about what sentence you will receive or

 3    anything else that will occur in exchange for your plea of

 4    guilty?

 5               THE DEFENDANT:  They have not said anything else,

 6    Your Honor.

 7               THE COURT:  Mr. Rodriguez, anything in the nature

 8    of plea negotiations that didn't get incorporated in this

 9    document that you need to put on the record?

10               MR. RODRIGUEZ:  No, not in terms of anything

11    negotiated, but still potentially cooperation going on but

12    other -- nothing that needs to be...

13               THE COURT:  Is that correct, Mr. Searle?

14               MR. SEARLE:  Yes, Your Honor.

15               THE COURT:  Okay.  Mr. Prive, we've talked a

16    little about the sentencing guidelines.  Have you and your

17    attorney talked about how the guidelines might apply in this

18    case?

19               THE DEFENDANT:  At length, Your Honor.

20               THE COURT:  I can't tell you for sure what the

21    guideline range will be because I don't have all the

22    information I need to do that.  If you plead guilty the

23    Court's probation office will conduct an investigation

24    (inaudible) what occurred here, your role in the offense,

25    whether you had any prior criminal history, whether you
```

USCA11 Case: 15-12032    Document: 25    Date Filed: 08/10/2015    Page: 64 of 74

1    accepted responsibility, things like that and they'll

2    prepare a written report.

3        You and your attorney will receive a copy of the report

4    before sentencing, so will the attorney for the United

5    States.  If there's anything in the report you think is not

6    correct, Mr. Rodriguez will make an objection.  If the

7    objection is not worked out before the sentencing, then

8    Judge Antoon will hold a hearing.  He will rule on the

9    objections.  Only at the point the report is done and the

10   objections are ruled on will there be enough information to

11   know for sure what the sentencing guideline range is.

12       Mr. Rodriguez is a very experienced criminal defense

13   attorney.  He's given you his best estimate of the guideline

14   range, but he can't know for sure until the report's done

15   and the objections are ruled on.  So it's important for you

16   to understand that in the sentencing guideline range or the

17   sentence is something different than you expect it to be,

18   you would not be allowed to withdraw your guilty plea for

19   that reason.

20       I also want to caution you that if you find out what

21   the sentencing guideline range is for anyone else involved

22   in this offense or for others charged with similar crimes,

23   you can't assume you can calculate your own guideline based

24   upon what somebody else receives.  They're very individual

25   determinations.  Just by way of example, if two people did

USCA11 Case: 15-12032    Document: 25    Date Filed: 08/10/2015    Page: 65 of 74

1  the very same thing but one of them had a more extensive

2  criminal history than the other, the person with the more

3  extensive criminal history is almost always going to have a

4  higher sentencing guideline.  So that's a long way around of

5  saying you can't know for sure today what the sentencing

6  guideline range is and you wouldn't be allowed to withdraw

7  your guilty plea if it turns out to be different than what

8  you expect.  Do you understand that?

9           THE DEFENDANT:  I understand, Your Honor.

10          THE COURT:  We don't have parole in the federal

11 prison system any more.  That used to be kind of an early

12 release program.  Now if you're sentenced to a term in jail

13 you will serve almost all if not all of any term of

14 imprisonment imposed.

15     I mentioned supervised release as part of a possible

16 sentence.  That's time you serve under the supervision of

17 the court's probation office after getting out of jail.

18 There will be things you had to do and things you could not

19 do as part of your supervised release.  If you violated a

20 condition of supervised release your supervised release

21 could be taken away.  You could be sent back to jail to

22 serve the term of supervised release, some or all of it, `in

23 addition to the time you served on the original sentence.

24     In addition, the Court could require you to contribute

25 financially to the cost of your supervision if you had the

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 66 of 74

1   money to do that.

2      You should know that in sexual offender cases at the

3   end of any criminal term of imprisonment there is sometimes

4   an evaluation to determine whether the defendant would be a

5   danger to the community if released.  If it was determined

6   that you would be a danger to the community if released,

7   then there may be subsequent civil commitment proceedings

8   that follow.

9      We already talked about SORNA registration.

10      You'll also be required to cooperate in the collection

11   of a DNA sample if that becomes required under the law.

12      Mr. Searle, any penalty applicable to Mr. Prive that

13   I've overlooked?

14         MR. SEARLE:  No, Your Honor.

15         THE COURT:  All right.  Can you think of any,

16   Mr. Rodriguez?

17         MR. RODRIGUEZ:  No, Your Honor.

18         THE COURT:  Mr. Prive, do you understand all the

19   possible penalties that apply if you plead guilty to this

20   charge?

21         THE DEFENDANT:  I understand, Your Honor.

22         THE COURT:  I need to tell you next about the

23   rights you give up by pleading guilty.  You do have the

24   right to a trial before a jury composed of 12 people.

25   During the trial you would be presumed to be innocent.  The

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 67 of 74

1    United States would have to prove that you were guilty

2    beyond a reasonable doubt.  You wouldn't have to prove

3    anything.

4         During the trial the witnesses would have to come into

5    court and testify in front of you.  Your lawyer could ask

6    them questions and he could ask the judge to keep out all or

7    parts of anything the witnesses said and all or parts of any

8    other evidence offered against you.

9         You would also have the right to require witnesses and

10   evidence to be brought into Court and be presented to the

11   jury on your behalf.

12        During the trial you could testify, talk to the jury

13   under oath if you wanted to, but you would have the right

14   not to testify.  Neither the judge nor the jury could decide

15   you did anything wrong based on your decision not to

16   testify.  That's your right against self-incrimination.  It

17   gives the absolute right to remain silent.

18        If you plead guilty and the district judge accepts your

19   plea, do you understand there will be no trial, you will

20   give up all these rights I've talked about including your

21   right to remain silent and the judge will find you guilty

22   based upon your guilty plea.

23             THE DEFENDANT:  I understand, Your Honor.

24             THE COURT:  This is a felony offense, so if you

25   are convicted you will lose your civil rights.  Those

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 68 of 74

1    include but not are not limited to the right to vote, to

2    keep and bear firearms, to hold public office and to serve

3    on a jury.

4         There is a right you do not give up by pleading guilty

5    and that's the right to have a lawyer represent you in this

6    case.

7         If you decide to go to trial, Mr. Rodriguez is going to

8    represent you all the way through the trial and at every

9    other part of the case.

10        If you decide to plead guilty, he's going to represent

11   you all the way through the sentencing.

12        If you think the judge makes a mistake in the sentence

13   you receive and you want to appeal it, the Court would

14   appoint an attorney to represent you at no cost to you for

15   the direct appeal if you couldn't afford to hire one,

16   remembering though there are some limits on the right to

17   appeal in the plea agreement.

18        I've talked about many things.  Have you had any -- do

19   you have any questions about anything I have talked about?

20             THE DEFENDANT:  Not at this time, Your Honor.

21             THE COURT:  Any questions about anything in the

22   plea agreement that I didn't go over that you would like me

23   to review?

24             THE DEFENDANT:  I don't have anything, Your Honor.

25             THE COURT:  All right.  Tell me what it is that

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 69 of 74

1    you did that makes you guilty of the charge in count two.

2          THE DEFENDANT:  On or about the dates of

3    November 4th and November 5th of 2013 I used the Internet to

4    communicate with an individual in an attempt to arrange a

5    sexual encounter with an individual who had not attained the

6    age of 18 years and doing so violated the law that I'm being

7    accused of.

8          THE COURT:  What is it that you were trying to --

9    what kind of sexual activity were you trying to arrange?  It

10   has to be such that it would constitute lewd or lascivious

11   conduct or sexual battery under the Florida statutes.

12         THE DEFENDANT:  My attempt was to arrange an

13   activity with a minor including touching of the genitalia

14   and the vagina.

15         THE COURT:  Some of the state statutes use

16   different ages for the victim.  How old was the victim?

17         THE DEFENDANT:  Under the age of 12, Your Honor.

18         THE COURT:  How old was the victim?

19         THE DEFENDANT:  Three years old, Your Honor.

20         THE COURT:  Factual basis from the -- well, first

21   anybody force you to do that?

22         THE DEFENDANT:  No, Your Honor.

23         THE COURT:  You did it voluntarily?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Factual basis from the United States?

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 70 of 74

1          MR. SEARLE:  Your Honor, in this case the United

2    States would be able to prove beyond a reasonable doubt the

3    factual basis that's attached to the plea agreement, pages

4    17 through 27, specifically on or about the dates of

5    November 4, 2013, continuing through and including on or

6    about November 5th, 2013, in Brevard County, Florida, in the

7    Middle District of Florida and elsewhere that the defendant

8    used the Internet to communicate with an individual who he

9    believed to be the father of the minor victim in this case

10   and in those communications he arranged to meet the child

11   and engage in illegal sexual contact -- conduct with the

12   child.  He actually went to the location where the child was

13   living -- where the child resided and brought lubricant with

14   him which was recovered from him when he arrived at that

15   location and from their proceeded to make a lengthy

16   confession to the events.

17          THE COURT:  And some of the contact with the

18   person the defendant believed to be the father of the minor

19   victim was done via computer over the Internet?

20          MR. SEARLE:  That is correct, Your Honor.

21          THE COURT:  All right.  Mr. Prive, starting on

22   page 17 and continuing through page 27 of the plea

23   agreement, there is a statement of the facts the United

24   States says it could prove were the case to go to trial.  I

25   need to know whether these facts are true.

USCA11 Case: 15-12032    Document: 25    Date Filed: 08/10/2015    Page: 71 of 74

1          THE DEFENDANT:  Yes, Your Honor, the facts

2    presented on those pages are true.

3          THE COURT:  All right.  Well, I find based on what

4    you tell me and the facts the United States says it could

5    prove, that the facts are sufficient to allow you to plead

6    guilty if you still want to do that.

7      I told you when we started you did not have to plead

8    guilty.  Now we are getting close to the time where I'm

9    going to ask you what you'd like to do.

10     First, though, is there anything you want to tell me or

11   ask me about your decision to plead guilty that we have not

12   talked about?

13          THE DEFENDANT:  No, Your Honor.

14          THE COURT:  Is there anything you told me under

15   oath that you would like to change because you think it

16   might not have been completely truthful?

17          THE DEFENDANT:  No, Your Honor.

18          THE COURT:  Have you had any problem hearing or

19   understanding me?

20          THE DEFENDANT:  None, Your Honor.

21          THE COURT:  Has my coughing fit interfered with

22   your ability to hear or understand during that part where I

23   was coughing?

24          THE DEFENDANT:  No, Your Honor.

25          THE COURT:  All right.  Do you want to talk to

USCA11 Case: 15-12032    Document: 25    Date Filed: 08/10/2015    Page: 72 of 74

```
 1    your attorney further before I ask you how you would like to
 2    plead?
 3               THE DEFENDANT:  No, Your Honor.
 4               THE COURT:  Does the representative victim wish to
 5    be heard today?
 6               MR. SEARLE:  Not today, Your Honor.
 7               THE COURT:  All right.  All right.
 8        Mr. Prive, how do you plead to the charge in count two
 9    of the indictment?
10               THE DEFENDANT:  The charge of count two I plead
11    guilty.
12               THE COURT:  Are you freely and voluntarily
13    entering this plea of guilty?
14               THE DEFENDANT:  I am, Your Honor.
15               THE COURT:  I determine that the this plea of
16    guilty is knowingly, intelligently and voluntarily made and
17    it's not the result of force or threats or promises except
18    for the promises contained in the plea agreement.
19        I will recommend that Judge Antoon accept both your
20    guilty plea and the plea agreement.
21        Sentencing will be at least 75 days from today usually
22    because that's how long it takes to do the presentence
23    investigation.  I don't have the date for you but
24    Mr. Rodriguez will let you know when it's set and he'll
25    explain the presentence process to you.
```

USCA11 Case: 15-12032     Document: 25     Date Filed: 08/10/2015     Page: 73 of 74

1          What else can we take care of today for the United

2     States?

3               MR. SEARLE:  Nothing further, Your Honor.  Thank

4     you.

5               THE COURT:  For defense?

6               MR. RODRIGUEZ:  Nothing further.

7               THE COURT:  Thank you very much.

8          We're in recess.

9                     C E R T I F I C A T E

10         I certify that the foregoing is a correct

11     transcript from the record of proceedings in the

12     above-entitled matter.

13

14     s\Sandra K. Tremel, RMR,CRR          September 22, 2014

15     Federal Official Court Reporter

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing appendix was furnished electronically via CM/ECF to Linda Julin McNamara, Assistant U.S. Attorney, and by United States Mail to Jonathan Tyler Prive, #60386-018, Brevard County Jail Complex, 860 Camp Road, Cocoa, Florida 32927 on this 10th day of August, 2015.

/s/ Daniel N. Brodersen
Attorney